Loretta Calafut *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Loretta Calafut, Appellant.

Argued October 7, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Loretta Calafut*, appellant, for herself.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 29, 1976:

The appellant, Loretta Calafut, was denied unemployment compensation benefits by the Bureau of Employment Security on the ground that she left her employment voluntarily without cause of a necessitous and compelling nature.[1] She appealed this determination and a referee, after hearing, concluded that she was ineligible to receive benefits under Section 402 (b)(1) of the Unemployment Compensation Law, not because she quit without reason, but because she failed to maintain the employer-employee relationship after she was forced to leave her employment due to illness. The referee also concluded that Mrs. Calafut was ineligible for the additional reason, not theretofore discovered by the Bureau, because she was without transportation and hence not available for work.[2]

The Unemployment Compensation Board of Review, on Mrs. Calafut's request, provided a second hearing before the referee but finally decided the case exactly—that is, verbatim—as did the referee after the first hearing.

---

[1] A cause for ineligibility under Section 402(b)(1) of The Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] A further cause for ineligibility under Section 401(d) of the Law, 43 P.S. §801(d).

The Board of Review, by both brief and argument on this appeal, concedes that Mrs. Calafut should not have been found to have been ineligible as a voluntary quit pursuant to Section 402(b)(1), because the record establishes that Mrs. Calafut most conscientiously kept in touch with her employer during an extended illness following her leaving work for reasons of health. There remains therefore for our consideration, only the Board's determination that Mrs. Calafut is ineligible under 401(d), 43 P.S. §802(d) because she had no transportation to any job.

At the first hearing the referee asked Mrs. Calafut whether she had transportation from her then residence some 20 miles from her former place of employment and Mrs. Calafut gave at least three answers: one, that she did have transportation with her husband, two, that she would be able to get to work twice a week, and three, that she had no transportation at all. At the second hearing both Mrs. Calafut and her husband testified that at the pertinent time they in fact possessed two vehicles, the first, a truck he used in his self-employment, and the second, a passenger automobile available to his wife. Mrs. Calafut in addition stated that at the time of the first hearing she was under medication, including a powerful tranquilizer, and that she was confused and uncertain as to the dates and times about which she was being quizzed by the referee. We might also point out in fairness to Mrs. Calafut that she had been disqualified by the Bureau of Employment Security because she allegedly quit, not because she was without transportation; that she was not represented by counsel at the hearing; and that she could hardly be expected to understand the importance of the referee's close examination concerning the availability of transportation. The worst that can be said for her testimony at the first hearing on the subject of transportation was

that it was casual, as, without instructions as to its importance, is in our view not surprising.

If Mr. and Mrs. Calafut, as they clearly testified at the second hearing, had available to them two vehicles, one of which the claimant might have used, such fact can easily be established by public records or by corroboration of other witnesses, including Mrs. Calafut's mother, with whom she lived for a portion of the time during her illness. We therefore believe that justice requires that we remand the record for a hearing on the availability of transportation, a new finding in this regard and a decision consistent therewith.

### Order

And Now, this 29th day of October, 1976, it is ordered that the decision and order of the Unemployment Compensation Board of Review, mailed July 22, 1975, be and the same hereby is set aside and the record remanded for hearing and findings with respect to the matter of transportation available to Mrs. Calafut and its effect on her eligibility, pursuant to Section 401(d) of the Unemployment Compensation Law.