Nathan Weinstock, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 10, 1979, before Judges Blatt, DiSalle and MacPhail, sitting as a panel of three.

*Robert G. Bauer,* with him of counsel, *Abraham, Pressman & Tietz,* for petitioner.

*Gary Marini,* Assistant Attorney General, with him *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, October 19, 1979:

Nathan Weinstock (Claimant) seeks review of a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits. We remand.

Claimant, 74 years old, and a resident of the City of Philadelphia, last worked for Miley Detective Agency (Employer) as a security guard. Travelling by bus, it took him about 10 to 15 minutes each day to get to his place of work, which was also located in the City. He lost the job when the bank at which he worked installed bullet proof glass, thereby eliminating any need for Claimant's services. However, Employer offered him continued employment as a guard at either Ambler, Pennsylvania, or Hatboro, Pennsylvania.

Claimant owned a 1970 automobile, but after driving to the Ambler job, a distance of approximately 15 miles each way, he decided that his car could not withstand a trip through the Philadelphia area on a day-to-day basis. Although public transportation was available, Claimant would have been required to take two

trains and then walk several miles,[1] a vigorous undertaking for a man of his advanced years. Claimant decided to terminate his employment, believing that he lacked the ability to get to the job site.

He applied for benefits, and the Bureau of Employment Security granted his request. Employer appealed, and following a hearing before the referee, which Claimant attended unrepresented by counsel, the award was reversed, on the grounds that Claimant quit work voluntarily without necessitous and compelling reasons, under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

This court has consistently held that transportation difficulties constitute necessitous and compelling reasons for an employe's voluntary termination when they present an insurmountable problem to that employe. *Boob v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 624, 337 A.2d 293 (1975). The trouble here is that the record has not been adequately developed so as to enable us to rule on this point. For example, we know nothing about the condition of Claimant's car, his financial ability to replace it, if necessary, the difficulties associated with public transportation to the new employment site, or the expenses thereof. Without such evidence in the record, we cannot evaluate the determination made by the referee and affirmed by the Board.

Consistent with our decision in *Calafut v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 481, 365 A.2d 674 (1976), we shall remand the matter to the Board for a hearing on the issue of the availability of transportation.

---

[1] According to Claimant, he would have to walk three miles from the train station to his place of employment.

## ORDER

AND Now, this 19th day of October, 1979, the order of the Unemployment Compensation Board of Review, dated March 27, 1978, affirming the referee's denial of benefits to Nathan Weinstock, is hereby set aside and the record is remanded for hearing and findings with respect to the matter of transportation available to Mr. Weinstock and its effect on his eligibility.