Sylvia Hauser, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

*Peter Goldberger,* with him *Brian Ross Hauser, Carroll, Creamer, Carroll & Duffy,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, March 11, 1981:

Sylvia Hauser (Claimant) has filed this appeal from the March 26, 1979 order of the Unemployment Compensation Board of Review (Board) denying benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, P.L. [1937] 2897, *as amended,* 43 P.S. §802(b)(1).

The facts of this case are not in dispute. Claimant's husband was employed by Green Sportswear until in or about February of 1978 when the company was dissolved. One of the principals of Green Sportswear started a new business in Florida and extended to

Claimant's husband an offer of employment, which he accepted. Claimant gave notice to her employer, Gimbel's of Philadelphia, and left her employment on or about March 31, 1978. Claimant voluntarily terminated her employment in order to join her husband in Florida.

Claimant applied for unemployment compensation benefits and the Bureau (now Office) of Employment Security denied benefits pursuant to Section 402(b)(2)[1] of the Act. This denial was affirmed by a referee and Claimant filed an appeal to the Board. The Board ordered a remand hearing. Following the remand hearing, the Board denied benefits pursuant to Section 402(b)(1) of the Act[2] which provides that a claimant shall be ineligible for compensation for any week in which unemployment is the result of a voluntary termination without cause of a necessitous and compelling nature.

The Board's decision stated, inter alia, "the claimant voluntarily terminated her employment for a

---

[1] Section 402(b)(2) provided at the time the claim was filed that

An employee shall be ineligible for compensation for any week—

. . . .

(2) In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality, or (II) because of a marital, filial or other domestic obligation or circumstance, whether or not such work is in 'employment' as defined in this act: Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved. 43 P.S. §802(b)(2).

[2] 43 P.S. §802(b)(1).

marital obligation; namely, to accompany her husband whose employment was transferred to another area, not within commuting distance of her employment. *The Claimant was not the sole or major support of the family unit during a substantial part of the six month period at issue.* Under these circumstances, it is deemed that the claimant's leaving of employment was not for cause of a necessitous and compelling nature under the aforementioned Section of the Law.'' (Emphasis added.) Of course, whether or not the Claimant was the sole or major support of her family during a substantial part of "the period at issue" is not a standard applicable to Section 402(b)(*1*) cases, but rather is the test used in Section 402(b)(*2*) cases. A comparison of the language of Section 402(b)(2) with the language of the Board's adjudication leaves no doubt that the Board used Section 402(b)(2) rationale in reaching its decision.[3]

Claimant contends that since the Board used the Section 402(b)(2) rationale we should review this case as though the Board had decided it under that section. While we agree with the Claimant that it was error for the Board to use the standards set forth in one section of the Act to apply to another, we decline to decide the case in light of the Board's erroneous reasoning. Rather, we think it more appropriate to remand this case to the Board for an adjudication which utilizes criteria applicable to Section 402(b)(1) cases if the Board should again conclude that benefits should be denied to Claimant under the provisions of that section.

---

[3] Fortunately, the Legislature has now acted to repeal Section 402(b)(2) by the enactment of Section 14 of the Act of July 10, 1980, P.L.     , No. 108. Undoubtedly, the legislative action was precipitated by this Court's decision in *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978) which held part (II) of Section 402(b)(2) unconstitutional.

422

ORDER

AND Now, this 11th day of March, 1981, the order of the Unemployment Compensation Board of Review, dated March 26, 1979, denying benefits to Sylvia Hauser is set aside and the case is remanded for further proceedings consistent with the foregoing opinion.

Judge PALLADINO dissents.