Audoralee Wheeler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Robert C. Rayman, Devecka & Rayman,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 29, 1982:

Audoralee Wheeler appeals a Pennsylvania Unemployment Compensation Board of Review order denying her benefits. We vacate and remand.

The novel issue presented for our consideration and determination is: Does a domestic transition resulting from the personal preference of a spouse obviate the necessitous and compelling reasons for a following spouse's voluntary quit?[1] Mrs. Wheeler quit work in Wilkes-Barre to accompany her husband to State College where he intended to complete his education.[2]

Section 402(b)(1) of the Unemployment Compensation Law[3] (Law) provides in part that:

> An employe shall be ineligible for compensation for any week—
>
> ...
>
> (b) In which his unemployment is due to voluntarily leaving work without cause of necessitous and compelling nature....

In order to be eligible for benefits, Mrs. Wheeler must demonstrate that her voluntary quit was for cause of necessitous and compelling reason. *Ruckstuhl v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981). Mrs. Wheeler failed to meet this burden below, and our review is thus limited to determining whether all the necessary findings of the Board are consistent with

---

[1] A domestic transition as used here refers to a familial move resulting from one spouse's action (moving spouse) requiring the other spouse (following spouse) to voluntarily quit his or her job so as to accompany the other spouse.

[2] Mrs. Wheeler's husband, an engineering student at Penn State University, testified that he was forced to transfer to the main campus at State College after completing two years at the Wilkes-Barre branch campus.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

each other and with the conclusions of law and whether they can be sustained absent a capricious disregard of competent evidence.[4] *Johnson v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 409, 442 A.2d 853 (1982).

The undisputed purpose of the statute is to relieve workers who are unemployed *through no fault of their own* from the hardship flowing from loss of employment. *Gilman v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 630, 369 A.2d 895 (1977). (Emphasis added.) In voluntary quit cases, two hardships, namely economic necessity and insurmountable commuting distance, both have been held to constitute causes of necessitous and compelling nature.[5]

At the referee's hearing, Mrs. Wheeler testified that she quit to be with her husband at State College because she was unable to afford both a residence in

---

[4] Whereas the initial fact finding and legal conclusion were made by the referee, and the Board adopted them without taking further testimony, we will refer to them as the *Board's* findings.

[5] *See Richard v. Unemployment Compensation Board of Review*, 491 Pa. 162, 169, 420 A.2d 391, 395 (1980), where our Supreme Court held that:

> Although the desire to join her husband might have contributed to [the wife's] decision to relocate, she has demonstrated that it was not the predominant reason. Rather, her uncontradicted testimony below, credited by the referee and the Board, established that the move was *compelled by economic necessity*. (Emphasis added.)

Judge DiSalle, writing for this Court in *Weinstock v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 545, 547, 406 A.2d 855, 856 (1977), stated:

> This court has consistently held that transportation difficulties constitute necessitous and compelling reasons for an employe's voluntary termination when they present an insurmountable problem to that employe. Boob v. Unemployment Compensation Board of Review, 18 Pa. Commonwealth Ct. 624, 337 A.2d 293 (1975).

Wilkes-Barre, where she worked, and one in State College where her husband was matriculating. The referee, however, failed to make findings[6] regarding Wheeler's economic hardship, thereby precluding our affirming the Board. *See Kostek v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 271, 392 A.2d 909 (1978).

Inherent in a situation such as this, where a spouse relocates due to a change in career or educational objectives, is the other spouse's desire and, traditionally, obligation to accompany the moving spouse to the new locality. This preservation of the family unit, though socially desirable, does not, in itself, give rise to necessitous and compelling reason under Section 402(b)(1). *See Richard v. Unemployment Compensation Board of Review*, 491 Pa. 162, 420 A.2d 391 (1980). To circumvent this limitation on benefits, the following spouse need only show an economic hardship in maintaining two residences or that the move has resulted in an insurmountable commuting problem.

However, the purpose of the Law requires that an additional factor be considered before eligibility is established. The following spouse's voluntary quit, while necessitated by economic and/or commuting hardships, is the *direct result* of the other spouse's relocation. Stated another way, as applied to this case, had it not been for the claimant's husband's transfer to State College, claimant would not have quit her job. Even though it is the wife who is the claimant, this causal effect mandates that the circumstances of the husband's move be analyzed. Specifically, it must be

---

[6] "[F]indings of fact 'must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision.'" *Curtis v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 462, 467, 397 A.2d 1069, 1070 (1977), quoting from *Page's Department Store v. Velardi*, 464 Pa. 276, 287, 346 A.2d 556, 561 (1975).

determined whether the transition was caused by circumstances beyond the control of the husband or, rather, brought about by a purely personal preference. In the latter situation, benefits would be a mode of financing the domestic transition, affording the wife, and hence the family, compensation for any self-imposed economic hardships resulting therefrom. But if circumstances beyond the husband's control result in his relocation, the ensuing hardships would be temporarily compensated by the wife's showing of economic necessity or insurmountable commuting problems.

We thus conclude that the unique circumstances of a following spouse's unemployment claim require the Board to consider not only the claimant's economic necessity and insurmountable commuting problems but also the motivations and circumstances of the husband's relocation.

Vacated and remanded.

### Order

The order of the Unemployment Compensation Board of Review, No. B-190680 dated December 19, 1980, is vacated and this case is remanded for further proceedings not inconsistent with this Opinion.

Judge MENCER did not participate in the decision in this case.

---

### Concurring and Dissenting Opinion by Judge Blatt:

Although I agree with the majority that a remand is required in this matter, I disagree with the conclusion that the voluntary or involuntary nature of the claimant's *husband's* move should determine whether or not *she* is eligible for benefits.

I believe, on the other hand, that Section 402(b)(1) of the Law requires us to confine our determination to whether or not the *claimant herself* established that her voluntary resignation was prompted by either economic necessity or an insurmountable problem of commuting distance, either of which would constitute a valid necessitous and compelling reason that would allow her to receive unemployment benefits. *Richards v. Unemployment Compensation Board of Review*, 491 Pa. 162, 420 A.2d 391 (1980); *Pittsburgh Pipe and Coupling Co. v. Unemployment Compensation Board of Review*, 401 Pa. 501, 165 A.2d 374 (1960); *Teicher Unemployment Compensation Case*, 154 Pa. Superior Ct. 250, 35 A.2d 739 (1944).[1] The fact that her husband may or may not have voluntarily relocated should not preclude her from eligibility, for benefits are not paid to the husband *and* the claimant but rather *solely* to the claimant.

Moreover, being mindful that the Unemployment Compensation Law was intended to be remedial legislation which is to be liberally and broadly construed,[2] and cognizant of these troubled economic times, I believe that the majority's rule would promote a result that adversely impacts upon the preservation

---

[1] The clause, which would preclude a following spouse from receiving benefits, has been in and out of the Act. Currently it has been repealed by the legislature. When it was last out, between the years 1955 and 1959, the Supreme Court in *Pittsburgh Pipe* stated that the legislature, by repealing the provision, intended that the law return to its prior state which the court noted was accurately described in *Teicher* which held a woman to be eligible for benefits who left her job in order to join her husband in another state prior to his going overseas on account of his induction into the armed services.

[2] *See e.g., Martin v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 270, 378 A.2d 1052 (1977); *Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973).

of the family unit. It would force families to divide in situations such as the present, and I cannot believe that the legislature intended such a result.

Inasmuch, of course, as the Board failed to make any findings regarding the economic necessity[3] or the insurmountable problem of the commuting distance[4] which the claimant maintains justifies her resigning from her job, I realize that a remand for a proper determination of these necessary facts is required; but, if they are established, I would then allow benefits.

---

[3] We note that the claimant, in stating her basis for her decision to follow her spouse, testified before the referee that "there was no way we could afford two places" (*i.e.*, one home in State College and one in Wilkes-Barre). Additionally, in her appeal to the Board, she contended that they could not absorb the fuel costs of regular commutation by either from one place to another. The Board made no findings embracing this evidence.

[4] We note that the claimant raised before the Board her contention that regular commutation was impossible due to the insurmountable distance, but that the Board did not address this issue.