Helen Davis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 4, 1982, to Judges Rogers, Blatt and Craig, sitting as a panel of three.

*James B. Cole, Stokes, Lurie & Tracy,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Craig, November 8, 1982:

Claimant Helen Davis appeals an order of the Unemployment Compensation Board of Review affirming

a referee's decision which denied her benefits under the Unemployment Compensation Law.[1]

The claimant, last employed as a cleaner in Pittsburgh, quit her job and moved to Maryland, where she filed an interstate unemployment compensation claim. The board found that the claimant's husband was in poor health and that the claimant quit so that she and her husband could live with her son, where her husband would always have someone to look after him.

The board held that the claimant is ineligible for benefits under Section 402(b)(1) of the Law[2] because she did not prove a necessitous and compelling reason for quitting her job.[3]

The claimant testified that, approximately one month before she quit, her husband's condition began to get worse and she told her acting supervisor that she might have to leave work because of her husband's illness. The board candidly admits that there is no basis for its finding that "the claimant never discussed her personal problems with her supervisor."

To be eligible for benefits the claimant was not necessarily required to ask for a leave of absence or to tell her employer when she could return to work. The rule in *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977) is addressed to injured claimants who could return to work with their employer in the reasonably foreseeable future. *See Check v. Unemployment Compensa-*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897. *as amended.*

[2] 43 P.S. §802(b)(1).

[3] Before the claimant quit her job, Section 402(b) of the Law was amended by deleting language (which we found unconstitutional in Wallace v. Unemployment Compensation Board of Review, 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978)) that precluded marital and other domestic circumstances from being considered as necessitous and compelling reasons entitling a worker who has voluntarily quit to benefits under the Law. Act of July 10, 1980, P.L. 521.

*tion Board of Review*, 56 Pa. Commonwealth Ct. 47, 423 A.2d 1140 (1981).

The board made no finding that claimant's husband's condition might improve so that the claimant could, at some reasonably foreseeable time, leave him unattended and return to work.[4] In fact, we find nothing in the record to support such a finding.[5]

The claimant introduced uncontradicted medical evidence showing that her husband has a serious heart condition and the claimant's uncontradicted testimony was that her husband "can't be left alone." Although the board did find that "the claimant was frequently absent from work when she had to care for him," it made no finding on the key point of whether the claimant's husband needed constant attention.[6]

---

[4] The board does not contest the claimant's assertion that she is available for work in Maryland.

[5] We find that the Bureau of Employment Security's "Request for Doctor's Certificate" form, which was sent to the claimant, is inappropriate and inadequate for use in domestic-quit cases. The form is designed to solicit a doctor's certification as to claimant's disability, illness or injury, not as to the condition of the claimant's family member. The form does not request the doctor to indicate the type of care required by a claimant's family member.

[6] Because the board stressed the claimant's failure to attempt to develop alternative arrangements with the employer, we do not read the board's decision necessarily to imply a finding concerning the husband's need for constant attention in relation to the cause for termination. The board's discussion, in part, stated that:

The claimant, in the instant case, failed to request a leave of absence or to otherwise attempt to maintain the employer-employee relationship. The claimant failed to inform her employer of her situation nor did claimant notify her supervisor when she would be able to resume work. The Board concludes that the claimant acted imprudently. The Board cannot construe claimant's reason for leaving to be for cause of a necessitous and compelling nature.

It is not clear from the board's conclusions or discussion whether the board decided that the claimant failed to prove that her husband's condition was a necessitous and compelling cause for quit-

Because we decide that the board's conclusions are not supported by necessary findings, we remand this case to the board for additional proceedings.[7] *Kostek v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 271, 392 A.2d 909 (1978). The board may, of course, remand to the referee for the taking of additional evidence and findings.

### ORDER

Now, November 8, 1982, the order of the Unemployment Compensation Board of Review, Decision No. B-193621, dated March 25, 1981, is hereby vacated and this case is remanded to the Board for action consistent with this opinion.

---

ting and that she also failed to maintain her employment relationship, or whether the board concluded that the claimant had proved no necessitous and compelling cause for quitting *because* she failed to attempt to maintain her employment relationship.

[7] We do not reach the issue of whether medical testimony is the only competent evidence to prove claimant's husband's need for constant non-medical attention. *See Deiss; Pastorius v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 50, 411 A.2d 1301 (1979).