Carol J. Kleban, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 2, 1983, to Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Shelley W. Elovitz, Watzman & Elovitz,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 21, 1983:

Carole J. Kleban appeals an order of the Unemployment Compensation Board of Review, which affirmed a referee's decision denying her benefits on the basis that she voluntarily left work without a cause of a necessitous and compelling nature. Section 402(b) of the Unemployment Compensation Law.[1]

The claimant, who had worked as a quality control inspector for RCA Corporation in Mountaintop,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

Pennsylvania since May 3, 1972, married a union electrician on May 26, 1978. One week before their wedding, her husband, who had been unemployed since January, 1978, obtained work on a construction project in Pittsburgh. On weekends, the claimant's husband commuted nearly 600 miles round-trip to visit the claimant and her minor child. Finally, after three months of this commuting relationship, on August 11, 1978, the claimant terminated her job so that she could join her husband in Pittsburgh. On August 21, 1978, the claimant filed an application for benefits, which the board denied after a lengthy procedural delay.[2]

Section 402(b) provides, in part, that:

An employee shall be ineligible for compensation for any week . . . (b) In which his unemployment is due to voluntarily leaving work

---

[2] The claimant filed an application for benefits on August 21, 1978. On September 5, 1978, the Bureau of Employment Security determined that the claimant was laid-off due to a lack of work. Thereafter the bureau rescinded this determination and, on September 22, 1978, ruled that the claimant was ineligible for benefits because she was not the major source of support for her family under §402(b)(2). After numerous hearings, a referee affirmed the bureau's decision, and on March 16, 1979, the board affirmed the referee's decision. Thereafter, the claimant petitioned for review to this court, and on March 18, 1980, we granted the board's motion to stay proceedings pending disposition by our Supreme Court of *Richards v. Unemployment Compensation Board of Review*, 491 Pa. 162, 420 A.2d 391 (1980). Because our Supreme Court, in *Richards*, decided that case on grounds other than the constitutionality of §402(b)(2), we issued an order granting the board's motion to vacate the stayed order. On April 13, 1981, the parties entered into a stipulation agreement to have the decision reconsidered under the provisions of §402(b). Thereafter, on April 28, 1981, this court remanded the appeal to the board for the purpose of reconsidering its decision. On September 10, 1981, the board issued a decision vacating its decision of March 16, 1981, but nonetheless found the claimant ineligible for benefits under §402(b). This appeal followed.

without cause of necessitous and compelling nature. . . .

To be eligible for benefits, a claimant must demonstrate that his or her voluntary quit was for cause of necessitous and compelling reason. *Ruckstuhl v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

An earlier version of §402(b) contained the phrase "good cause" instead of "cause of a necessitous and compelling nature," but our Supreme Court, in *Savage Unemployment Compensation Case*, 401 Pa. 501, 507, 165 A.2d 374, 377 (1960), indicated that the terms are synonymous.[3] Thus, "cause of a necessitous and compelling nature," like "good cause," may arise from personal circumstances and "need not arise out of or be connected with the claimant's employment." *Mooney Unemployment Compensation Case*, 162 Pa. Superior Ct. 183, 186, 56 A.2d 386, 387 (1948).

In *Savage*, our Supreme Court said:

"If a worker leaves his employment when he is compelled to do so by necessitous circumstances or because of legal or family obligations, his leaving is voluntary with good cause, and under the act he is entitled to benefits. The pressure of necessity, of legal duty, or family obligations, or other overpowering circumstances and his capitulation to them trans-

---

[3] *Accord, Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977) ("good cause" equivalent to cause which is "necessitous and compelling"). *But cf. Trexler v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 180, 188. 365 A.2d 1341 (1976) (1955 amendment to §402(b), which replaced "good cause" and accompanying exceptions with terms "necessitous" and "compelling nature" and left "good cause" in §402(a), indicates legislative intention to create separate tests in §402(a) "refusal" cases and §402(b) "voluntary termination" cases).

form what is ostensibly voluntary unemployment into involuntary unemployment.''

*Id.* at 505, 165 A.2d at 376, citing *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A.2d 898, 903 (1946).

In *Savage,* our Supreme Court noted that, in 1953, the legislature amended §402(b) to exclude marital, filial and domestic circumstances as "good cause."[4] Two years later, the court noted, the legislature repealed that provision,[5] and the amended version read:

An employee shall be ineligible for compensation for any week . . . (b) in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

The Supreme Court interpreted the amendment as follows:

When the Legislature in 1955 removed the specific exception of the 1953 amendment, precluding marital, filial and domestic circumstances and obligations from being good cause within the meaning of the Act, the Legislature intended those obligations again to be good cause, as had been held prior to the 1953 exception.

*Id.* at 507, 165 A.2d at 377.

In 1959, the legislature again amended §402(b) to read, in relevant part:

---

[4] The 1953 version of §402(b) provided, in part, that:
"An employee shall be ineligible for compensation for any week . . . (b) in which his unemployment due to voluntarily leaving work without good cause . . . marital, filial and domestic circumstances and obligations shall not be deemed good cause within the meaning of this Act."
Act of August 24, 1953, P.L. 1397.

[5] Act of March 30, 1955, P.L. 6.

An employee shall be ineligible for compensation for any week . . . (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . (2) In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality, or (II) because of a marital, filial or other domestic obligation or circumstances. . . .[6]

In 1980, our Supreme Court, in *Richards v. Unemployment Compensation Board of Review*, 491 Pa. 162, 420 A.2d 391 (1980), held that, under the 1959 amendment, one demonstrating that the desire to join his or her spouse in a new location was not the "predominant reason," for his or her employment termination, was not automatically ineligible for benefits under §402(b)(2). The court said that where the motivation for the move "was compelled by economic necessity," the claimant was eligible for benefits. *Id.* at 168-169, 420 A.2d at 395.

In 1980, the legislature repealed the 1959 amended version of §402(b).[7] The new version, in relevant part quoted earlier, is identical to the 1955 version that the Supreme Court considered in *Savage*.

Mindful that the Law was intended to be remedial legislation which is to be liberally and broadly construed,[8] we are compelled to follow the analysis used

---

[6] Act of December 17, 1959, P.L. 1893.

[7] Act of July 10, 1980, P.L. 521, No. 108. *See Hauser v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 418, 421, n. 3, 426 A.2d 734, 735, n. 3.

At the time the Supreme Court decided *Richards*, the legislature had recently repealed the 1959 amended version of §402(b). Act 108 of 1980, House Bill 1673. *Id.* at 165, n. 3, 420 A.2d at 393. However, the court decided *Richards* under the 1959 amended version of §402(b).

[8] *See, e.g., Martin v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 270, 378 A.2d 1052 (1977).

by the Supreme Court in *Savage,* in interpreting the legislature's intent in repealing that portion of §402 (b) which expressly excluded certain family reasons as a cause of necessitous and compelling nature, justifying one's termination from work. Hence we must conclude that the family obligation of joining a relocated spouse can constitute a "necessitous and compelling reason" to leave one's employment.

Merely asserting family obligation, however, will not itself establish a necessitous and compelling reason for terminating employment.[9] Our Superior Court (assuming, nearly 40 years ago, that the relocating spouse would be the husband) recognized that:

> [J]oining a husband at a distant point may not always constitute good cause for a wife's leaving her employment. Obviously, a wife joining her husband who is enjoying an extended vacation, would not be justified in leaving her employment, unless perchance a serious illness required her attendance upon him. A husband may take a temporary or transient job in another locality without changing the marital domicile; in that case, no other circumstances appearing, a wife would not be justified in leaving her employment. The nature of the circumstances in each individual case, the strength and the effect of the compulsive pressure of external and objective forces must be evaluated, and if they are sufficiently potent, they become relevant and controlling factors.

---

[9] We emphasize that one who terminates employment for a necessitous and compelling reason, even if that reason involves family obligations, must still, nevertheless, remain available for work. *See Craig v. Unemployment Compensation Board of Reivew,* 65 Pa. Commonwealth Ct. 305, 442 A.2d 400 (1982)

*Sturdevant Unemployment Compensation Case* at 558, 45 A.2d at 903-04.

Furthermore, "good cause" involving personal reasons, must, at a minimum, involve "real circumstances, substantial reasons, objective conditions, palpable forces that operate to produce correlative results, adequate excuses that will bear the test of reason, just grounds for action, and always the element of good faith. . . ." *Mooney Unemployment Compensation Case,* 162 Pa. Superior Ct. at 186, 56 A.2d at 387.

In ascertaining reasonableness and "good faith," President Judge CRUMLISH, in *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775, 778 (1982), articulated the following test:[10]

> Specifically, it must be determined whether the transition was caused by circumstances beyond the control of the husband or, rather, brought about by a purely personal preference. In the latter situation, benefits would be a mode of financing the domestic transition, affording the wife, and hence the family, compensation for any self-imposed economic hardships resulting therefrom.[11]

---

[10] The use of "husband" and "wife" is, of course, interchangeable.

[11] In *Wheeler,* we relied upon *Richards* to state:

Inherent in a situation . . . where a spouse relocates due to a change in career or educational objectives, is the other spouse's desire and, traditionally, obligation to accompany the moving spouse to the new locality. This preservation of the family unit, though socially desirable, does not, in itself, give rise to necessitous and compelling reasons under Section 402(b)(1).

*Id.* at 205, 450 A.2d at 777.

Thus, in order to be eligible for benefits, the claimant here must demonstrate that her resignation from her job to join her husband was a reasonable and good faith decision.

In this case, the board found that:

> Due to the nature of his work, claimant's husband is regularly transferred to different job sites. [Board's Finding of Fact No. 7]

Nothing in the record indicates a contrary conclusion,[12] and, the claimant, at the referee's hearing,[13] acknowledged that, although her husband was working in Pittsburgh, "he was working out of a local from Wilkes-Barre."

Thus, although the claimant's desire to be with her husband is understandable, given the transient nature of his work, we cannot say that the claimant's decision to quit her job was a necessitous one under the tests discussed above.

Accordingly, we affirm the decision of the board.

---

*Richards* involved the 1959 version of §402(b), which expressly precluded from benefits an employee who left his work "to accompany or to join his or her spouse in a new locality." When the legislature repealed that section, perhaps responding to our decision in *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct 342, 393 A.2d 43 (1978) (opinion by Judge CRUMLISH), which held Part II of §402(b)(2) unconstitutional, the statement in *Richards*, that the preservation of the family unit does not itself give rise to a cause of necessitous and compelling nature, may suffer some diminution in effect by interpretation of the legislature's 1980 amendment in accordance with our Supreme Court's analysis in *Savage*.

[12] Our scope of review is limited to determining whether all the necessary findings of the board are consistent with each other and with the conclusions of law and whether they can be sustained absent a capricious disregard of competent evidence. *Johnson v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 409, 442 A.2d 853 (1982).

[13] Held January 17, 1979.

ORDER

Now, April 21, 1983, the order of the Unemployment Compensation Board of Review, decision No. B-170111-B, dated September 10, 1981, is affirmed.