Diane M. Steck, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 3, 1983, to Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*James Bukas,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Richard L. Cole,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 25, 1983:

Before this Court is an appeal by Diane M. Steck (Petitioner) from a decision of the Unemployment Compensation Board of Review (Board) denying unemployment compensation benefits on the grounds that Petitioner voluntarily terminated her employment without establishing cause of a necessitous and compelling nature. *See* Section 402(b) of the Pennsylvania Unemployment Compensation Law[1] (Law), 43 P.S. §802(b). We reverse.

The facts in this matter are undisputed. Petitioner was employed as a teacher's aide by the Penncrest School District from 1972 through May 29, 1981, at which time she quit her job so as to be able to move to Arizona with her husband and two children. The move was undertaken at the direction of Petitioner's husband's physician who indicated that, be-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

cause of emphysema and an enlarged heart, there was a strong likelihood that Mr. Steck would not successfully endure another winter in a climate such as Pennsylvania's. Petitioner filed an interstate claim for unemployment compensation and benefits were denied by the Office of Employment Security. An appeal was filed and a hearing was held before a referee in Arizona. Because of confusion engendered by contradictory indications in the form Petitioner had received informing her of the denial of benefits,[2] the Arizona referee assumed that Petitioner had been found to have had necessitous and compelling circumstances for leaving her employment and that the only issue before him was the question of her current availability for suitable work. *See* Section 401(d)(1) of the Law, 43 P.S. §801(d)(1). Thus, this latter issue was the sole focus of the referee's proceeding. The decision ultimately rendered, by a Pennsylvania referee on the basis of the record developed in Arizona, found Petitioner to be available for employment but nonetheless disqualified her from receipt of benefits for failing to establish cause of a necessitous and compelling nature for leaving her job. On appeal the Board affirmed and the appeal to this Court followed.

It is the burden of the employee, to be eligible for unemployment compensation, to establish that a voluntary termination of employment was for cause of a necessitous and compelling nature. *Kleban v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 540, 459 A.2d 53 (1983). Where,

---

[2] The form was filled out by the Office of Employment Security in a fashion that indicated it found that Petitioner had left her employment for cause of a necessitous and compelling nature but that it was disapproving benefits pursuant to Sections 401(d)(1) and 402(b) of the Law, 43 P.S. §§801(d)(1) and 802(b).

as here, the party with the burden of proof has not prevailed before the Board, this Court's scope of review is limited to determining whether the necessary findings of the Board are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982).

In her appeal to this Court, Petitioner asserts that the Board erred as a matter of law in denying her benefits. We are constrained to agree. The instant matter arose after a 1980 amendment to Section 402 (b) of the Law[3] which deleted a clause specifically disqualifying from eligibility for benefits one who left work either to accompany his or her spouse to a new locality or for family obligations.[4] Prior to this amendment, one terminating employment so as to join a spouse or to be at home could not be found eligible for unemployment compensation where the desire to join the spouse or be at home was the predominant reason for the decision to quit. *Richards v. Unemployment Compensation Board of Review,* 491 Pa. 162, 420 A.2d 391 (1980). Rather, to be eligible for benefits, the claimant had to establish some independent cause of a necessitous and compelling nature for terminating employment such as economic necessity (the inability to maintain two households)[5] an

---

[3] Section 13 of the Act of July 10, 1980, P.L. 521.

[4] The clause which, prior to its deletion by the amendment of 1980, constituted Section 402(b)(2) of the Law, 43 P.S. §802(b)(2), was declared unconstitutional by this Court in *Wallace v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978).

[5] *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982).

unreasonable commuting distance,[6] or that his or her presence at home was required to care for a sick family member.[7] In the case at bar, it is admitted that Petitioner does *not* need to be at home to care for her husband. This, in conjunction with the absence of evidence before the referee regarding economic necessity,[8] served as the basis for the Board's denial.

---

[6] *Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981).

[7] *Davis v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 585, 452 A.2d 93 (1982).

[8] Petitioner, who appeared at the referee's hearing in Pennsylvania without counsel. has raised as alternative grounds for appeal the failure of the referee to adequately assist her in the development of her case by asking her questions pertaining to the necessitous and compelling circumstances behind her termination of employment. *See Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981). The Board argues that any failure by the referee in this regard was harmless error and therefore not grounds for a remand. *See Robinson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981). In view of the ambiguity of the document before the Arizona referee at Petitioner's hearing, *see supra* footnote 2, his interpretation of that document, the corresponding failure to address the issue of whether Petitioner had cause of a necessitous and compelling nature for leaving her job, and the Board's grounds for denying benefits, we fail to perceive how it can reasonably be asserted that there was harmless error. A referee must aid a pro se claimant in the development of facts *necessary* to the case and this should include questions regarding necessitous and compelling reasons for a voluntary quit. *Bennett v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 455, 445 A.2d 258 (1982). Accordingly, had the Board been correct in invoking the criteria for eligibility in circumstances such as these, enunciated in *Richards*, we would have been constrained to order a remand for further proceedings to permit Petitioner an adequate opportunity to develop the factual circumstances mandating her termination of employment and relocation to Arizona. *Bennett*.

What the Board has overlooked in its decision is the effect of the 1980 amendment to Section 402(b). As noted by this Court in *Kleban,* Section 402(b) is now, in pertinent part, identical to a prior version analyzed by our Supreme Court in *Savage Unemployment Compensation Case,* 401 Pa. 501, 165 A.2d 374 (1960). There the Court stated:

> When the Legislature in 1955 removed the specific exception of the 1953 amendment precluding marital, filial and domestic circumstances and obligations from being good cause within the meaning of the Act, the Legislature intended those obligations again to be good cause, as had been held prior to the 1953 exception.

*Id.* at 507, 165 A.2d at 377. And, as stated in *Kleban:*

> Mindful that the Law was intended to be remedial legislation which is to be liberally and broadly construed, we are compelled to follow the analysis used by the Supreme Court in *Savage,* in interpreting the legislature's intent in repealing that portion of §402(b) which expressly excluded certain family reasons as a cause of necessitous and compelling nature, justifying one's termination from work. *Hence we must conclude that the family obligation of joining a relocated spouse can constitute a "necessitous and compelling reason" to leave one's employment.* (Emphasis added.) (Footnote deleted.)

*Id.* at 545-6, 459 A.2d at 55-56. A claimant voluntarily terminating employment for family obligations must of course still establish that the action was reasonable and undertaken in good faith. *Kleban.* In circumstances such as those now confronting us, the primary concern is with the actual reason for the move of the family. *Wheeler.* Since Petitioner's husband moved

to Arizona not because of some personal whim, but rather at the explicit direction of his physician to relocate to a warmer and drier claimate, and as there obviously is no move he could have undertaken which would have been consistent with his physician's directions and yet permitted Petitioner to retain her employment and still be with her family, this Court must conclude that Petitioner's decision to quit was reasonable and undertaken with the good faith requisite to a holding of eligibility under the Law. Accordingly, we reverse the Board's denial of benefits.

ORDER

Now, November 25, 1983, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-204134, dated April 2, 1982, is hereby reversed.