Walter Potente, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 29, 1984, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Joseph U. Esper,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, February 25, 1985:

This appeal results from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying benefits to claimant Walter F. Potente.

Claimant filed an application for benefits in August of 1981, following an indefinite layoff from Mesta Machine, where he had been employed as a bridge crane operator. In February of 1982, claimant took a job with McDevitt & Street Co. in Atlanta, Georgia; he was to work as a tower crane operator for $10.00/ hour. After working for three and one half days in the tower crane, claimant realized he was not competent to operate that type of crane[1] and he asked his employer to be assigned to a different job. Claimant was given a job as a laborer for $6.00/hour. After working as a laborer for a little less than a month, he quit his

---

[1] This contention of claimant is supported by the referee's Finding of Fact No. 5: "The claimant had previously worked as a bridge crane operator and could not handle the heights required in the tower operator job."

job and returned to the Pittsburgh area, believing it would be economically unfeasible to relocate his family in Atlanta on a wage of $6.00/hour.

Claimant applied for benefits upon his return to Pennsylvania. Despite the fact that records from McDevitt & Street Co. were slow in reaching the local authorities, claimant began collecting weekly benefits. When the records arrived, the Office of Employment Security determined that claimant had not been entitled to benefits and further issued a fault overpayment assessment.

On appeal a referee decided that claimant was not entitled to benefits, but held that the overpayment was of the non-fault variety. The Board affirmed the referee.

Claimant raises but one issue in this appeal; he claims that the Board erred in failing to conclude he had cause of a necessitous and compelling nature justifying his voluntary quit and rendering him eligible for benefits under Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (Supp. 1965-83). The burden of proof in a voluntary quit case is on the claimant to establish his entitlement to benefits. *Steffy v. Unemployment Compensation Board of Review,* 499 Pa. 367, 453 A.2d 591 (1982). Where, as here, the party with the burden of proof has not prevailed below, our review is limited to determining whether the factual findings are consistent, whether those findings can be sustained without capricious disregard of competent evidence and whether any errors of law were committed. *Bruder v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 9, 452 A.2d 288 (1982). Claimant, though being less than clear, makes no challenge to the factual findings in this case. Our sole issue, therefore, is to decide whether those factual findings

support a legal conclusion that Claimant had necessitous and compelling reasons to voluntarily terminate his employment in Atlanta.

In *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 359, 378 A.2d 829, 832-33 (1977), the court defined as necessitous and compelling those "circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." As we explained in *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 525, 367 A.2d 366, 369 (1976), "proof that an employee had cause of a necessitous and compelling nature for leaving a job is one way that an apparent voluntary quit may be shown to have not been voluntary."

We have recently held that a spouse who quits his or her job to relocate with a spouse whose move was based on other than mere personal whim did so with cause of a necessitous and compelling nature, thereby being eligible for benefits. *Stevens v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 239, 473 A.2d 254 (1984); *Steck v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 514, 467 A.2d 1378 (1983). While we recognize the present case is somewhat different, the principles of *Stevens* and *Steck* compel us to reverse the Board's denial of benefits. Claimant moved to Atlanta to try a job after being unemployed for almost nine months. When he discovered he was unable to operate the different type of crane, he obtained other, lower paying employment. However, after three weeks, "claimant voluntarily quit his employment because it was economically unfeasible to relocate his family to Georgia on the wages he was receiving." (Finding of Fact No. 8, Referee's Decision, Nov. 10, 1982.) Neither the move to or from Atlanta

was motivated by purely personal whim, the former based on a good faith attempt to secure employment and the latter based on preserving the family unit. Under these circumstances, we believe claimant had cause of a necessitous and compelling nature to quit his job, thereby preserving his eligibility for benefits.

### Order

Now, February 25, 1985, the Orders of the Unemployment Compensation Board of Review, at Nos. B-213274 and B-213275, are reversed.

Judge MacPhail dissents.

This decision was reached prior to the resignation of Judge Williams, Jr.