Sandra Flatley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 8, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Lawrence E. Flatley, Reed, Smith, Shaw & McClay,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Charles D. Donahue,* Associate Counsel, for respondent.

OPINION BY JUDGE COLINS, November 19, 1985:

Sandra Flatley (claimant) petitions for review of a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision[1] denying claimant benefits because of ineligibility as defined in Section 402(b) of the Unemployment Compensation Law (Act). Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). Claimant worked as a registrar for the Penn Lakes Girl Scout Council in Meadville, Pennsylvania, from April 1, 1981, until June 30, 1983, when she voluntarily quit her job to join her husband in Pittsburgh, Pennsylvania, who had been promoted and transferred after years of employment by Ligget and Myers in Meadville. Claimant testified at her hearing

---

[1] The Board made no independent findings in the case. The referee's findings are before the Court.

that moving to Pittsburgh was a condition of her husband's promotion, and that the couple had two teenage daughters.

Claimant initially argues that she met the burden of showing that her family obligations were necessitous and compelling reasons for a voluntary quit. Under any test, a voluntary quit claimant bears the burden of proving a cause of necessitous and compelling nature for her action. *Bacon v. Unemployment Compensation Board of Review*, 89 Pa. Commonwealth Ct. 35, 37, 491 A.2d 944, 945 (1985). Necessitous and compelling circumstances are those which produce pressure to terminate employment which is both real and substantial, and which would compel a reasonable person under the circumstances to act in a like manner. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 359, 378 A.2d 829, 832-33 (1977).

The law is set forth in *Kleban v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 540, 459 A.2d 53 (1983), in which the burden is placed on the claimant to "demonstrate that her resignation from her job was a reasonable and good faith decision," *Id.* at 546-48, 459 A.2d at 56-57, and in the lead case of *Wheeler v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982), which requires the claimant to show that her spouse's relocation was due to "circumstances beyond the control of the husband [spouse]." *Id.* at 206, 450 A.2d 778.[2]

---

[2] *See Stevens v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 239, 473 A.2d 254 (1984) ; *Steck v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 514, 467 A.2d 1378 (1983) ; *Zingler v. Unemployment Compensation Board of Review*, 85 Pa. Commonwealth Ct. 313, 481 A.2d 994 (1984).

This issue cannot be decided based on the record as it now stands because the husband did not testify at the hearing. The claimant was not at fault in failing to put forth the husband's testimony. As she properly argues, the referee abused his discretion by failing to grant a requested continuance for the purpose of allowing the husband to testify at the time of the hearing. Counsel for claimant states, and the record confirms, that he informed the referee that the husband was away on business the hearing day and that counsel specifically requested a continuance for the purpose of presenting testimony by claimant's husband regarding the circumstances of his relocation as required by *Wheeler.*

The claimant received only seven (7) days notice of the hearing date; the seven (7) days included the intervening Labor Day holiday; she contacted counsel on Thursday, who had but one working day to discover that the husband's testimony was required, that the husband would be unavailable to testify and to give notice relating to the desired continuance. The claimant and her counsel acted properly given these circumstances.

The Board contends that the referee had sufficient discretion under 34 Pa. Code §101.23 to deny the continuance. We disagree with this argument based on the regulation as written:

> (b) Within the discretion of the tribunal, a continuance shall not, however, be granted merely because of the absence of a witness, *unless it appears that the testimony and evidence he could give would be competent and relevant to the issues involved and that such information is essential to a proper determination of the case.*

34 Pa. Code §101.23, (emphasis added).

Because *Wheeler* makes the husband's testimony relevant in establishing the circumstances of his relocation and essential to a proper determination of the case, a continuance for the purpose of presenting the husband as a witness was required to be granted.[3]

For this reason, abuse of discretion in refusing to grant a continuance to hear relevant and essential testimony, the case is remanded for proceedings consistent with this opinion.

ORDER

AND Now, this 19th day of November, 1985, the order of the Unemployment Compensation Board of Review, No. B-224409, is vacated and the case is remanded to the Board for findings and a decision consistent with the foregoing opinion.

Jurisdiction relinquished.

---

[3] Where good cause is shown, it is an abuse of discretion not to grant the continuance. *Compare Steadwell v. Unemployment Compensation Board of Review*, 76 Pa. Commonwealth Ct. 439, 463 A.2d 1298 (1983) *with Conrad v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 32, 478 A.2d 930 (1984). What is unfair to claimant is that she attempted to go forward and meet her burden, but was not permitted to by the referee. The referee cannot refuse to hear testimony of a witness and then proceed to make a crucial finding of law characterizing that witness' actions as "purely personal" without committing an abuse of discretion.