534 A.2d 601

Linda S. Buffone, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 4, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Linda I. Nelson,* for petitioner.

*Charles D. Donahue,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, December 16, 1987:

Linda S. Buffone, the claimant, appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of the referee denying benefits to claimant because she had voluntarily quit her job without good cause in violation of Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b) (Supp. 1987).

On November 27, 1985, the claimant quit her job as a dental assistant in Clearfield County to move with her husband to Armstrong County. Three days later, Mr. Buffone was permanently laid off from his job in Clearfield County. Because of economic conditions in Clearfield County, Mr. Buffone decided to seek work elsewhere. In December of 1985, he was told a job paying $13.00 per hour would be his sometime after the first of the year. The new job was in Armstrong County.

Claimant's application for benefits was denied administratively. She appealed to a referee. At the time of the hearing in early February, Mr. Buffone had not started to work; in fact, he had not yet been given a definite starting date. At the hearing there was testimony concerning the commuting time between the two locations (eighty minutes according to Mr. Buffone) and the inability of the pair to either maintain a household in Clearfield County on Mr. Buffone's unemployment benefits and claimant's earnings as a dental assistant or maintain separate households at both job sites. The referee denied benefits, concluding that claimant did not have good cause to quit her job and be eligible for benefits. The Board reached the same conclusion and this appeal followed.

At one time, good cause for quitting could not be established if a desire to join one's spouse contributed in any way to the decision to quit. In 1980, the Supreme

Court recognized the undue harshness of such a rule, and despite legislation which seemingly called for a different result, interpreted the Act to allow benefits so long as the desire to join one's spouse was not the predominant reason for relocation. *Richards v. Unemployment Compensation Board of Review*, 491 Pa. 162, 420 A.2d 391 (1980). The Legislature soon amended Section 402(b) to its present form by deleting the portion declaring ineligible anyone who quit work to move with a spouse.

In *Wheeler v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982), President Judge CRUMLISH expressed concern that unemployment benefits could be used to finance a move made purely as a matter of personal preference. He stated:

> [I]t must be determined whether the transition was caused by circumstances beyond the control of the [moving spouse] or, rather, brought about by a purely personal preference. In the latter situation, benefits would be a mode of financing the domestic transition, affording the wife, and hence the family, compensation for any self-imposed economic hardships resulting therefrom. But if circumstances beyond the [moving spouse's] control result in his relocation, the ensuing hardships would be temporarily compensated by the [claimant's] showing of economic necessity or insurmountable commuting problems.

*Id.* at 205-06, 450 A.2d at 778.

In later cases we held that a spouse who moves because he was unable to find a job at the original location did so because of circumstances beyond his control. In *Stevens v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 239, 473 A.2d 254

(1984), we reversed the Board's denial of benefits when a claimant quit her job to join her spouse *after* he found a job in Colorado. In *Steck v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 514, 467 A.2d 1378 (1983), we again reversed the Board's denial of benefits where the spouse moved to Arizona because of health problems on his physician's recommendation. In both cases, we concluded that those moves were not made for purely personal preference.

In the present case, we are compelled to conclude that Mr. Buffone's move was a matter of personal preference. While he testified that he had been promised a job, he had yet to start working at the time of claimant's hearing and in fact did not even have a firm starting date at that time. Under these circumstances, we cannot view the move by Mr. Buffone as one necessitated by circumstances beyond his control. If a spouse moves because of no work and actually finds work in the new location, we would reach a different result. Because of our conclusion that the move was a matter of purely personal preference, we need not discuss the matters of insurmountable commuting distance or the inability to maintian two households.

Affirmed.

## ORDER

Now, December 16, 1987, the order of the Unemployment Compensation Board of Review, dated June 6, 1986 at No. B-249612 is affirmed.