535 A.2d 253

Philip R. Trubelhorn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 16, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Robert J. Donaghy, Burrell, Waxman, Donaghy &amp; Lee,* for petitioner.

*Patricia Krise Bilzi,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, December 22, 1987:

Petitioner appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination that Petitioner was ineligible for benefits under the provisions of Section 402(b) of the Unemployment Compensation Law[1] (voluntary quit). We vacate and remand.

Petitioner, the only witness to testify in the case,[2] stated that he had been employed by Bell Atlantic for nearly twenty years; that his earnings at the time he terminated his employment were approximately $48,000 per annum; that his wife attended Hahnemann University Medical College for four years and then served a residency for three years at Children's Hospital in Philadelphia; that his wife received scholarship aid to complete her medical education from the National Health Service Corps; that as a condition of that aid, Petitioner's wife was obligated to give service to the United States Government Public Health Service where an indicated need for medical care was critical; that she tried to find a position in Philadelphia which would fulfill that obligation but was unsuccessful in doing so; that she became employed by the State of Florida's Department of Health and Rehabilitative Services in Tampa, Florida where she is obligated to stay for the next three or four

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

[2] By reason of the Petitioner's current residency in Florida, the Petitioner filed an interstate claim. The testimony was received by the referee by telephone communication.. The employer advised the referee that it would not participate in the telephonic hearing.

years; and that Petitioner resigned his position with Bell Atlantic, sold his home in New Jersey and moved to Florida to join his wife and children.

From this testimony, the referee made the following findings of fact which were adopted by the Board:

1. The claimant was last employed by Bell Atlantic as an engineer at the monthly rate of $4,024.00 per month from June 13, 1966 to July 7, 1986.

2. Claimant left his employment voluntarily to relocate to Florida where his wife was transferred as a result of an agreement to repay a grant from the federal government to complete her education as a medical doctor.

3. The claimant and the employer were aware of the fact that he might have to relocate because of his wife's chosen occupation.

4. Continued employment was available to the claimant had he elected to remain employed.

The referee reasoned that the Petitioner left his employment for personal reasons which were not work-related and, hence, failed to meet his burden of proving that he terminated his employment for necessitous and compelling reasons. *See Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

Our seminal case involving the "following spouse" issue is *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982). There we held that the preservation of the family unit does not, in and of itself, give rise to a necessitous or compelling reason under Section 402(b) but if the following spouse shows an economic hardship in maintaining two residences or that the move has resulted in an insurmountable commuting problem then the

following spouse would be eligible for benefits unless the transition was brought about by the relocated spouse's personal preference, as opposed to circumstances beyond his or her control. We said:

> We thus conclude that the unique circumstances of a following spouse's unemployment claim require the Board to consider not only the claimant's economic necessity and insurmountable commuting problems but also the motivations and circumstances of the husband's relocation.

*Id.* at 206, 450 A.2d at 778.

Our review of the findings made by the Board indicates that those findings are insufficient for us to perform our appellate review. Here we have a well-paid husband "following" his wife to Florida. We may infer that there were insurmountable commuting problems between the Claimant's former home in New Jersey and the new home in Florida. The Board, however, made no finding regarding the motivations and circumstances of the *wife's* relocation.[3] Although the Claimant testified that he and his wife "worked hard" to find a position for her in the Philadelphia area and that she was "obligated" to take the position in Tampa, we have no credibility determination by the Board regarding that testimony and, consequently, no specific finding that the wife's relocation to Florida was the result of circumstances beyond her control or the result of her personal preference. Until such a finding is made we are unable to perform our appellate review. *See Wheeler.*

---

[3] The issue is not whether the claimant left his employment for personal reasons, as the referee stated in his reasoning, but rather what was the motivation of the wife.

ORDER

The order of the Unemployment Compensation Board of Review is vacated and the case is remanded to the Board for further findings of fact consistent with the foregoing opinion.

Jurisdiction relinquished.