Lewis J. Bievenour, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1978, before Judges CRUM-LISH, JR., BLATT and MacPHAIL, sitting as a panel of three.

*Rajeshwar Kumar*, for petitioner.

*Michael D. Klein*, Assistant Attorney General, with him *James K. Bradley*, Assistant Attorney General, *Daniel R. Schuckers*, Assistant Attorney General, and *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 17, 1979:

The Unemployment Compensation Board of Review disallowed the appeal of Lewis J. Bievenour (Bievenour) from a referee's denial of benefits. He appeals to us. We affirm.

Is Section 4(1)(4)(5) of the Unemployment Compensation Law[1] (Act) which provides that the word "employment" shall not include "service performed by an individual in the employ of his son, daughter, or spouse, and service performed by a child under the age of eighteen (18) in the employ of his father or mother" constitutional? Bievenour, last employed as a carpenter by a hardware store under the sole pro-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §753 (1)(4)(5).

prietorship of his son was declared ineligible for benefits by a referee who found he was not engaged in "covered" employment under the Act. He argues that the statute, by declaring him ineligible because he is the father of an employer whereas children of an employer 18 years or older are eligible, unconstitutionally discriminates against him on the basis of age in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[2]

The right to receive unemployment compensation benefits in Pennsylvania is a statutory right and, as such, has statutory provision limitations but, where a state law defines eligibility for statutory entitlement, that eligibility is subject to the protection of the Fourteenth Amendment and may "not be limited in any way that works an invidious discrimination or constitutes a denial of due process." *Hammond v. Marx,* 406 F. Supp. 853, 855 (D. Maine 1975).

Entitlement to unemployment compensation benefits, however, is not a fundamental right and classification by age does not constitute a suspect classification. *Hammond v. Marx, supra.* Thus, the age classification established by the statute is a valid one if it is grounded upon some reasonable basis; that

---

[2] Bievenour's challenge confuses invidious discrimination of eligible persons or groups of persons for whatever reason with the establishment of eligibility requirements. The Act has specifically declared certain individuals to be ineligible for benefits and does not discriminate with respect to those persons or groups of persons who are eligible for benefits under the Act. Thus, the discrimination is not among individuals within a class eligible for benefits, but rather the discrimination occurs in classifying certain persons or groups of persons eligible for benefits and others ineligible. The latter category of discrimination between classes does not violate the Equal Protection Clause so long as the classification bears some rational relationship to a permissible object sought to be attained by the statute. *See Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307 (1976).

the classification made by the state is not perfect or results in some inequality in practice does not offend the Constitution. *Dandridge v. Williams,* 397 U.S. 471 (1970).

We hold that the objective of the classification which excludes parents of employers is rationally related to a legitimate state interest. One need only to give a cursory look at the factual posture of this case and its consequences to see that it makes good sense. Bievenour is 69 years old and has worked sporadically at odd jobs part time for his son whenever the son "had money to go ahead on a project." Thus, the computation of benefits without a formal arrangement, combined with the great potential for fraudulent abuse, presents obvious problems. The varying number of weekly working hours and pay scale differences in many job positions makes benefit computation difficult if not impossible. The acknowledged purpose of the Act is to provide temporary assistance to relieve economic hardship of sudden unemployment, *see Unemployment Compensation Board of Review v. Molitoris,* 24 Pa. Commonwealth Ct. 360, 356 A.2d 863 (1970), and is not and can never be a social welfare program for the elderly.

It cannot be persuasively argued that a compensation program encompassing parents of employers would not be more costly than the existing program and thus would inevitably require state subsidy, a higher rate of employer contribution, a lower current benefit scale, or a combination of them. We perceive nothing in the Constitution which requires a state to subordinate or compromise its legitimate interests solely for the purpose of expanding unemployment assistance programs.

A state has a legitimate interest in maintaining a self-supporting compensation program. Similarly, it does have a significant, if not cardinal concern, for

the distribution of available resources in such a way as to maintain benefit payments at an adequate coverage level whereas coverage of a wider class of unemployed persons inadequately is obviously undesirable. Bievenour's sole argument in support of his appeal is not a valid one.

Accordingly, we

ORDER

AND NOW, this 17th day of May, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-145757, dated May 26, 1977, is hereby affirmed.