Nick A. Cillo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 17, 1981, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*Paul Porell,* with him *George R. Price, Jr.,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *James K. Bradley,* Associate Counsel, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 26, 1982:

The Pennsylvania Unemployment Compensation Board of Review affirmed a referee's denial of benefits to Nick A. Cillo, finding a voluntary quit under Section 402(b)(1) of the Unemployment Compensation Law.[1] We affirm.

Cillo sprained his ankle and informed his employer that he would be out sick. He never notified his supervisor, as required by company policy, as to the extent of his injury or the anticipated length of absence.

In an unemployment compensation case where the party with the burden of proof did not prevail below, our review is limited to questions of law and a determination of whether the Board capriciously disregarded competent evidence. *Dennis v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 215, 423 A.2d 458 (1980).

Cillo asserts that he did not abandon his employment because he had reason to believe he had been discharged. We disagree.

Although a union representative told Cillo that his employer had mailed a discharge letter, the employer later withdrew the letter and never indicated to Cillo that he was fired.

Additionally, Cillo claims he took reasonable steps to preserve his employment. To the contrary, Cillo

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. 802(b)(1).

never checked on his employment status until he was denied unemployment benefits approximately one month after his initial absence. The record clearly supports the Board's conclusion that Cillo abandoned his job by failing to take prudent steps to preserve his employment. *See Simpson v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 245, 370 A.2d 432 (1977).

Affirmed.

ORDER

The decision of the Unemployment Compensation Board of Review, No. B-179356, dated December 31, 1979, is affirmed.

Judge PALLADINO did not participate in the decision in this case.