Carol B. Zingler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 4, 1984, to Judges ROGERS, COLINS and BARBIERI, sitting as a panel of three.

*Alexander A. DiSanti*, with him, *Jeffrey K. Martin, Richard, DiSanti, Hamilton, Gallagher & Paul*, for petitioner.

*Richard F. Faux*, Associate Counsel, with him, *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, September 26, 1984:

Carol B. Zingler (Claimant) appeals here from a decision and order of the Unemployment Compensation Board of Review (Board) finding her to be disqualified from receiving unemployment compensation benefits by the provisions of Section 402(b) of the Unemployment Compensation Law (Law)[1] because she

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

voluntarily terminated her employment without cause of a necessitous and compelling nature. We reverse.

The facts in this case are not in dispute.

On August 21, 1982 Claimant voluntarily terminated her employment as a $13,000 per year manager of a retail women's clothing store in Braddock, Pennsylvania to join her husband who had secured a job with the State Lottery of New Jersey. At the time Claimant's husband secured this job he had been unemployed for approximately five months after being fired from his previous job, and both Claimant and her husband moved into a home they owned and rented in Medford Lakes, New Jersey which Claimant testified they had been unable to sell when they moved to Pittsburgh three years earlier. Claimant further testified that this home was approximately fifty minutes by car from her husband's new employment, that her family only had one car, and that she could not afford to maintain a separate residence from her husband. The Board found Claimant to be ineligible for benefits simply on the basis of its findings (1) that "Claimant's husband voluntarily accepted the offer of a new job[,]" (2) that Claimant had no children at home requiring her care, and (3) that "Claimant's primary reason for voluntarily terminating her employment was to accompany her spouse to the New Jersey Area...." The present appeal followed.

A claimant has the burden, of course, of establishing that his or her departure from employment was for a cause of a necessitous and compelling nature. *Kleban v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 540, 459 A.2d 53 (1983). Where, as here, the party with the burden of proof has not prevailed below, our scope of review is limited to determining whether the Board's findings are consistent with each other and with the conclusions

of law and whether they can be sustained without a capricious disregard of competent evidence. *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982).

Here, as in the recent case of *Steck v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 514, 467 A.2d 1378 (1983), it is clear that the Board failed in its decision to recognize the effect of the Legislature's 1980 amendment of Section 402-(b). As we explained in *Kleban,* Section 402(b) is now identical in all material respects to a prior version of that section analyzed by our Supreme Court in *Savage Unemployment Compensation Case,* 401 Pa. 501, 165 A.2d 374 (1960). In *Savage* the court stated that

[w]hen the Legislature in 1955 removed the specific exception of the 1953 amendment precluding marital, filial and domestic circumstances and obligations from being good cause within the meaning of the Act, the Legislature intended those obligations again to be good cause, as had been held prior to the 1953 exception.

*Id.* at 507, 165 A.2d at 377. Hence, we stated in *Kleban* that since

the law was intended to be remedial legislation which is to be liberally and broadly construed, we are compelled to follow the analysis used by the Supreme Court in Savage, in interpreting the legislature's intent in repealing that portion of §402(b) which expressly excluded certain family reasons as a cause of necessitous and compelling nature, justifying one's termination from work. *Hence we must conclude that the family obligation of joining a relocated spouse can constitute a "necessitous and compelling*

*reason" to leave one's employment.* (Emphasis added, footnote deleted.)
*Id.* at 545-6, 459 A.2d 55-6.

Where a claimant advances the obligation of joining a relocated spouse as a necessitous and compelling reason for terminating his or her employment, of course, he or she must establish that a reasonable person in the circumstances of the claimant would have acted in a similar manner. *Id.; Mooney Unemployment Compensation Case,* 162 Pa. Superior Ct. 183, 56 A.2d 386 (1948). Hence, a desire to join a spouse on an extended vacation or on a temporary work assignment would not be a necessitous and compelling reason for terminating employment. *Kleban; Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A.2d 898 (1946). Relatedly, a claimant and his or her spouse must act in "good faith" and not relocate because of self-imposed hardships. *Wheeler.*

Here, the uncontested testimony of Claimant, apparently credited by the Board, was to the effect that her husband, after being fired from his job, and after searching for employment for approximately five months, accepted a job beyond a reasonable commuting distance from Claimant's home in Pittsburgh which paid almost twice as much as Claimant's job and which was permanent in nature. Under such circumstances we believe that Claimant had a necessitous and compelling reason for joining her spouse. Moreover, we do not believe that it is necessary to remand the case for findings of fact on the issue of "good faith" since this issue was not raised by the employer below, was not suggested by facts of the case, and was not a basis for the Board's denial of benefits. While the ultimate burden of persuasion may rest with the claimant on the issue of good faith where that issue is raised by the employer, we do not believe that claimants must

318

address themselves to this issue where the employer has failed to raise this issue and it is not suggested by the case's factual matrix. We shall accordingly re-verse.

ORDER

Now, September 26, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-215445, dated March 2, 1983, is reversed.