Alex Grossinger and Frances Grossinger, Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 10, 1984, to Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Myron A. Pinkus,* with him, *Ben Josielevski,* for petitioners.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, December 3, 1984:

Alex and Frances Grossinger (claimants) appeal here an order of the Unemployment Compensation Board of Review (Board) denying them[1] benefits because they were found financially ineligible pursuant

---

[1] The claimants, who are husband and wife, worked for the same employer, earned identical wages over an identical period of time, and filed their claims within the same calendar month. Their claims involved the same factual issues, and, they filed a joint petition for review for purposes of this appeal. There is no reason, therefore, to distinguish between the two here.

to Section 404 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804.

The claimants applied for benefits after the business for which they worked was sold. The Office of Employment Security (OES) denied benefits because they each had insufficient base year wages.[2] The claimants appealed and hearings were held before referees who affirmed the initial determination, denying the claimants benefits. The Board subsequently affirmed those decisions, and the instant appeal ensued.

The Board made the following findings of fact for each claimant:

    1. Claimant filed an application for benefits effective June . . . 1982 thereby establishing a base year from January 1, 1981 to December 31, 1981.

    2. The claimant had a high quarter during the base year of $4,900.00 during the third quarter of 1981.

    3. The claimant had total base year wages of $7,398.00.

Inasmuch as the facts are not in dispute, we have been presented solely with legal questions, which, of course, are subject to review by this Court. *Cillo v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 445, 442 A.2d 858 (1982).

The claimants contend that they are eligible for benefits pursuant to Section 401(a)(1) of the Law, 43 P.S. §804(a)(1), which provides in pertinent part, that an "employe's weekly benefit rate shall be com-

---

[2] For purposes of calculating eligibility for benefits, Section 4(a) of the Law defines "base year" as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." 43 P.S. §753(a).

puted as (1) the amount appearing in Part B of the Table[3] . . . on the line on which in Part A there appears his 'highest quarterly wage,' or (2) . . . (50%) of his full-time weekly wage, whichever is greater.'' The claimants, however, were not found eligible for weekly benefits of $190 which corresponds to their high quarter's earnings of $4,900 because their base year's wages were less than the qualifying wages of $7,520 necessary to establish their entitlement to benefits at the prescribed weekly rate. And, while Section 404(a)(3), 43 P.S. §804(a)(3) allows a claimant to receive benefits at "any one of the next three lower weekly benefit rates,'' the claimants failed to meet the $7,400 qualifying wage requirement of even the lowest such level.

The claimants also contend that they are eligible for benefits under the second (50%) clause set forth above in Section 404(a)(1). That clause, however, serves only to provide a higher benefit rate for an otherwise eligible claimant, and does not afford a means of avoiding the applicable financial eligibility requirements, under which, of course, the claimants are ineligible for benefits.

The claimants additionally contend that they are eligible for benefits under Section 401(f) of the Law, 43 P.S. §801(f). That section, however, is only applicable to otherwise eligible claimants who have been disqualified from receiving benefits due to the circumstances surrounding their separation from employment pursuant to Section 402 of the Law, 43 P.S.

---

[3] The "Table" referred to is the applicable Table Specified for the Determination of Rate and Amount of Benefits set forth in Section 404(e)(1) of the Law, 43 P.S. §804(e)(1), which is periodically amended, with revisions published in the Pennsylvania Bulletin. The Table in effect at the time relevant here is found at 11 Pa. B. 4439-40.

§802. The claimants, however, were found financially ineligible for benefits, and were not disqualified for any reason set forth in Section 402, and, therefore, Section 401(f) has no application here.

Finally, the claimants contend that denying them benefits based upon the difference of two dollars between their base year earnings and the qualifying wages requirement works an invidious discrimination against them and denies them due process, arguing that this Court should evaluate the fundamental fairness of denying them benefits because of so small an amount.

Preliminarily, we note that, inasmuch as the statute discriminates in establishing *classes* of certain persons or groups of persons as eligible or ineligible for benefits, but does not discriminate among members *within a class* eligible for benefits, the claimants' challenge confuses invidious discrimination with the bonafide establishment of eligibility requirements. *See Bievenour v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 616, 618 n.2, 401 A.2d 594, 595 n.2 (1979).

There is no suspect classification or fundamental interest presented here, and, of course, we must sustain the legislative classification unless it is patently arbitrary and without a rational relationship to a legitimate government interest.[4] *Martin v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 629, 439 A.2d 207 (1982), *aff'd,* 502 Pa. 282, 466 A.2d 107 (1983), *cert. denied,*     U.S.    , 104 S. Ct. 2156 (1984). This we cannot do.

---

[4] For both equal protection and substantive due process claims, the appropriate standard of review is the established "rational basis" test. *See Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), *appeal dismissed; Bucheit v. Laudenberger,* 456 U.S. 940 (1982).

We have previously found that the state has a legitimate interest in preserving the financial integrity of the unemployment compensation benefits fund, *Martin,* and a significant concern for the distribution of its limited financial resources to permit benefit payments at an adequate coverage level, *Bievenour.* Despite the seemingly harsh result in the instant case, therefore, we cannot redraft the Commonwealth's unemployment compensation standards simply because their application here results in "an incidental individual inequality," *Martin* at 635, 439 A.2d at 210.

We will, therefore, affirm the order of the Board.

ORDER

AND Now, this 3rd day of December, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.