510 A.2d 408

Thelma T. Rolland, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 13, 1986, before Judge CRUMLISH, JR., Judge COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Penn B. Glazier,* for petitioner.

*Donna M. Stanek,* Associate Counsel, with her, *Richard F. Faux,* Associate Counsel, and *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE ROGERS, June 13, 1986:

Thelma T. Rolland (claimant) filed a petition for review of the order of the Unemployment Compensation Board of Review, which affirmed a referee's decision

denying her benefits on the ground that she had voluntarily left her work without a cause of a necessitous and compelling nature. Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). We reverse and remand.

The claimant worked as a controller for Berger and Company Inc., in Allentown, Pennsylvania. She began working for Berger and Company, Inc. in 1954 and after a break of fourteen years she returned to her position. Her final stint lasted seven years.

On April 30, 1984 she left her work and moved to Lancaster to live with her husband, who suffered from heart disease and diabetes, in a life care facility. They entered the life care facility because the husband was no longer physically able to mow the lawn and otherwise maintain the home. They selected the Lancaster facility for economic reasons. The available life care facility in the Allentown area would have charged $1,838 a month and provided only one meal a day; the Lancaster facility charged $875.00 a month and provided two meals a day.

The referee denied benefits reasoning that although the claimant "had excellent good personal reasons for leaving her work to accompany her husband to the Lancaster Area . . . , that reason is not necessitous and compelling within the meaning of the Pennsylvania Unemployment Compensation Law." The Board affirmed; we reverse.

The issue of whether a claimant has left her work for a cause of a necessitous and compelling nature is one of law and subject to our review. *Judd v. Unemployment Compensation Board of Review*, 91 Pa. Commonwealth Ct. 372, 496 A.2d 1377 (1985).

Where a claimant quits a job to follow a spouse to a new location, the following spouse must show not only that overwhelming circumstances such as economic

hardship or insurmountable commuting problems necessitated his or her quit, but also that the circumstances necessitating the other spouse's relocation are beyond that spouse's control. *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982). We have held that a wife who left her job to move to Colorado to be with her husband who had obtained employment in that state after being unable to find work in Pennsylvania, had cause of a necessitous and compelling nature and was entitled to benefits under the law. *Stevens v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 239, 473 A.2d 254 (1984).

The facts here are undisputed. The claimant left her work to be with her husband whose physical condition required him to live in a health care facility they could afford, which happened to be in Lancaster beyond commuting distance from her Allentown employment. The Board found that the husband had retired from work because he had "heart trouble and diabetic problems" and that he entered a life care facility because he could not mow the lawn and otherwise physically maintain their home. The Board also found that he chose the Lancaster facility over the Allentown facility for financial reasons.

The Board held that the claimant did not prove her entitlement to benefits because she failed to establish that her husband needed to live in a life care facility. In its brief on this appeal, the Board writes that the claimant failed to demonstrate that she and her husband could not have lived in the usual apartment or other accommodation where the husband would not have to do maintenance. The claimant had no burden to prove the unsuitability of every residential alternative to living in a life care facility. Her burden was to prove that her husband had compelling reason for living in a life

care facility in Lancaster. The referee found that the husband could not do home maintenance and that he chose Lancaster because it was cheaper; these findings support the conclusion that the couple's choice of a life care residence in Lancaster was not based on mere casual preference.

Order reversed; the record is remanded for further proceedings consistent with this opinion.

ORDER

AND NOW, this 13th day of June, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed; the record is remanded for further proceedings consistent with this opinion.