513 A.2d 575

Jack Shingles, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 16, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Stanley M. Shingles,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 4, 1986:

Jack Shingles appeals an Unemployment Compensation Board of Review order upholding a referee's decision which denied him benefits due to a voluntary quit without necessitous and compelling reason. Section 402(b) of the Unemployment Compensation Law.[1] We reverse.

Shingles, a pharmacist employed by the Rite Aid Corporation, was assigned to two company stores located in Quakertown. Several months later he agreed to a temporary transfer to an East Stroudsburg store, involving a ninety-five mile roundtrip commute. As a result of his complaints, Shingles was transferred back to the Quakertown area as a "fill-in," or floater, servicing twelve to fifteen stores. Shingles quit in response to this assignment.

Where the claimant, who has the burden of demonstrating necessitous and compelling cause for voluntarily leaving his employment, does not prevail below, our scope of review is limited to determining whether the Board's findings are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evi-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

dence. *Zingler v. Unemployment Compensation Board of Review,* 85 Pa. Commonwealth Ct. 313, 481 A.2d 994 (1984).

Shingles contends that the requirements of his position were so radically altered by the employer that he was justified in resigning. We agree.

A claimant can meet his burden of proving a necessitous and compelling reason for terminating his employment by showing that the employment conditions changed or that he was reasonably unaware of the unsuitable conditions when he accepted the employment. *Naylon v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 502, 477 A.2d 912 (1984).

Clearly, an assignment to one of two stores located in Quakertown, a convenient commuting distance from the claimant's home, differs appreciably with Shingles' last assignment as a temporary fill-in for twelve to fifteen stores on the periphery of the Quakertown-Allentown area.

An employee must accept reasonable changes. However, Shingles was not hired to work at a different pharmacy every day with commutes of up to eighty miles roundtrip and little advance notice as to each new assignment. Although Shingles worked under these changed circumstances for a period of time, he did so with the understanding that the changes were only temporary. When it became clear that Shingles would not be returned to his original position, he was justified in quitting.

We hold that there was a substantial unilateral change in the employment agreement which rendered Shingles' job unsuitable, and Shingles' voluntary quit was for a necessary and compelling reason. Accordingly, the Board erred as a matter of law in upholding the denial of benefits.

Reversed.

ORDER

The Unemployment Compensation Board of Review order, No. B-214168 dated January 28, 1983, is reversed.