523 A.2d 843

Richard F. Bruno, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 9, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard F. Bruno,* petitioner, for himself.

*Charles D. Donahue,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, April 7, 1987:

Richard F. Bruno (petitioner) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the determination of the referee that petitioner was financially ineligible for benefits under Section 404 of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804. We affirm.

Petitioner was employed by the Steel Valley Council of Governments (employer) as a fiscal manager until May 11, 1984 when he was fired for alleged insubordination. He filed an application for unemployment benefits on May 12, 1985, making his base year the first, second, third and fourth quarters of 1984. He received wages from employer only in the first and second quarters. His high quarter wage was $4696 and his total base year wages were $7262. Petitioner, a certified public accountant, also earned $3243 during 1984 from accounting services he provided to clients other than employer. These earnings were not included in petitioner's base year wages by the Office of Employment Services, and he was determined to be financially ineligible for benefits.

Petitioner appealed this decision, claiming his earnings from providing accounting services were improperly excluded from his base year wages. The referee found that petitioner was "self-employed as a Certified Public Accountant" and that the $3243 was income from his business, "a sole proprietorship." The referee concluded that petitioner's earnings did not qualify as base year wages and that petitioner was financially ineligible to receive benefits.

Petitioner appealed to the Board, contending not only that the earnings from his accounting services should have been included in his base year wages, but also that his eligibility for benefits should have been

considered under Section 401(f) of the Law, 43 P.S. §801(f). The Board affirmed. On appeal to this Court, petitioner reiterates the contentions he made to the Board.

Section 4(x) of the Law, 43 P.S. §753(x) defines "wages" as "all remuneration . . . paid by an employer to an individual with respect to his employment. . . ." Petitioner contends he was an "employee" of the individuals and organizations for whom he performed accounting services in 1984 and, therefore, any income earned from providing these services should be considered "wages." We disagree.

If an individual is self-employed, the income generated from the self-employment does not constitute "wages" and does not qualify for inclusion in the base year. *Pavalonis v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 289, 426 A.2d 215 (1981). The referee found that petitioner was self-employed. This finding is supported by substantial evidence. Therefore, the $3243 of income petitioner received from his business was properly excluded from his base year wages.

As to petitioner's assertion that his eligibility should have been considered under Section 401(f) of the Law, 43 P.S. §801(f), we find no merit. Section 401(f) specifically provides that it is applicable to those applicants who were previously disqualified for benefits under Subsections 402(b), (e) and (h) of the Law, 43 P.S. §§802(b), (e), (h). Petitioner was disqualified under Section 404. *See Grossinger v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 241, 485 A.2d 80 (1984).

Accordingly, we affirm.

ORDER

AND NOW, April 7, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.