525 A.2d 1262

Syvilla E. Woods, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Larry G. Cobb,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge MacPhail, May 20, 1987:

Syvilla E. Woods (Claimant) petitions for our review of an Unemployment Compensation Board of Review (Board) order which affirmed a referee's decision denying her benefits due to her voluntary quit without cause of a necessitous and compelling nature.[1] We affirm.

Claimant was employed as a teacher in the Pittsburgh School District until she submitted her written

---

[1] Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

resignation effective June 15, 1984. Claimant testified that her husband's employment contract with the Veterans Centers in Pittsburgh was to expire on August 30, 1984, that a similar job was available to him in Baltimore, Maryland and that he was advised by his supervisor that the opening in Baltimore would be "his best bet" in terms of having a secure job with the Veterans Administration. She further testified that her husband secured that position and commenced working in Baltimore on August 19, 1984. Claimant resigned from her position on August 24, 1984, effective June 15, 1984, so that she could accompany her husband and their two minor children to Baltimore.

Claimant applied to the Office of Employment Security (OES) for unemployment benefits on September 4, 1984 but was denied benefits after the OES determined that Claimant's voluntary quit was without cause of a necessitous and compelling nature. Claimant appealed and a hearing was conducted before a referee on November 8, 1984. At that hearing only the Claimant offered evidence. The referee, without making any specific credibility findings, also denied Claimant benefits finding that she had voluntarily quit her job without necessitous or compelling reasons. Claimant appealed to the Board which affirmed the referee's decision and adopted his findings without taking additional evidence.

Our Supreme Court has recently held that the proper standard of review in appeals taken from adjudications of a Commonwealth agency is that set forth in Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *Estate of McGovern v. State Employes' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). That test requires that we affirm the agency's decision unless constitutional rights have been violated, an error of law committed, or necessary findings of fact are not supported by substantial evidence.

In a case such as this, where the party with the burden of proof is the only party to present evidence before the referee and does not prevail, we are guided by the principles recently set forth by this Court in *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). There we held that if a burdened party failed to prevail below due to the legal insufficiency of the evidence, we will affirm the Board. If, however, it appears that the party failed to prevail due to lack of credibility and it is not clear from the adjudication below that the fact-finder made a credibility determination, we will remand for specific findings on the issue.

Applying those principles to the case now before us, we hold that the Board's findings are supported by substantial evidence in the record. No constitutional issues have been raised. Our remaining consideration, then, is whether the Board erred as a matter of law when it concluded that:

> [T]he record indicates claimant's husband's move to Baltimore was predicated on his personal preference to obtain a more secure position of employment and was not a forced transfer caused by circumstances beyond his control.

It is Claimant's burden, of course, to prove that her voluntary quit was for cause of necessitous and compelling reason. *Wheeler v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982). Claimant contends that she met that burden because she had no choice other than to follow her husband when he relocated in Baltimore.

In *Wheeler* this Court held that in "following spouse" cases, it is not enough for the Claimant to show economic and/or commuting hardships;[2] the Claimant

---

[2] The record in the instant case indicates that Claimant had been employed as a teacher for seven years, that her salary was

must also show that the spouse's relocation was caused by circumstances beyond the control of the spouse and not brought about by the spouse's purely personal preference. As we have noted, the only evidence in this case is the testimonial evidence of the Claimant. All of her testimony regarding her husband's reason for relocating was hearsay. No objection was made by the employer's representative to that testimony. In *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), this Court held that hearsay evidence admitted without objection would be given its natural and probative effect if corroborated by any competent evidence in the record. There is no corroborative evidence in this case;[3] therefore, Claimant's hearsay evidence cannot be used to meet Claimant's burden of showing that her husband's reason for relocating was beyond his control.

Under these circumstances, we are unable to say as a matter of law that the Board erred when it concluded that Claimant's husband's change of employment and relocation was not a forced transfer caused by matters beyond his control. Absent Claimant's hearsay testimony on that point, all that remains of the evidence is that Claimant voluntarily resigned from her position to follow her husband who had relocated in another city. That is insufficient to meet her burden of proof.

The two cases principally relied upon by Claimant, *Stevens v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 239, 473 A.2d 254

---

$25,000 per annum and that her children were ages 4 and 11. Her husband's change of employment was a lateral transfer with no change in his salary which was $28,000 per annum.

[3] Claimant did ask the referee for leave to submit a sworn statement from the Veterans Administration regarding her husband's job change. The referee properly denied the request on the ground that such written statement would be hearsay evidence.

(1984) and *Zingler v. Unemployment Compensation Board of Review*, 85 Pa. Commonwealth Ct. 313, 481 A.2d 994 (1984), are readily distinguishable from the case now before us. In *Stevens* the spouse had been unemployed for four months and had been unable to find employment in Williamsport, Pennsylvania whereupon he returned to Colorado where he previously had been employed and was able to regain that employment. The issue in the case was claimant's good faith desire to keep her family together in circumstances where there had been a divorce followed by a remarriage with the relocating spouse. In *Zingler* the husband had been unemployed for five months in Pittsburgh before finding a permanent job in Erie which paid almost twice as much as the claimant's job. That evidence was credited by the Board and we held that the claimant had met her burden of showing compelling circumstances for her voluntary quit.

As we have noted,[4] the factual matrix of the case now before us differs remarkably from that present in *Zingler* and *Stevens*.

We, accordingly, will affirm the Board's order because we find that Claimant's evidence was legally insufficient to meet her burden. *Kirkwood*.

## Order

The order of the Unemployment Compensation Board of Review in the above-captioned proceeding is hereby affirmed.

---

[4] *See supra* note 2.