532 A.2d 507

Judith K. Danenberg, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 11, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Robert M. Danenberg,* for petitioner.

*Patricia Krise Bilzi,* Assistant Counsel, with her, *Clifford F. Blaze,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 19, 1987:

Judith K. Danenberg (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying benefits under Section 402(b) of the Unemployment Compensation Law,[1] 43 P.S. §802(b) (voluntary quit without cause of a necessitous and compelling nature). We affirm.

On January 30, 1986, Claimant voluntarily terminated her employment as a domestic relations officer with the Allegheny County Court of Common Pleas in Pittsburgh, Pennsylvania in order to relocate with her spouse to Wilkes-Barre, Pennsylvania. Claimant's husband, an attorney, had been employed temporarily as a law clerk with a Pittsburgh law firm following his graduation from law school in June, 1985. When the position expired in December, 1985, and being unable to find a job as an attorney in Pittsburgh, Claimant's husband accepted a position with a law firm in Wilkes-Barre, which the referee found to be approximately three hundred miles away.

The Office of Employment Security (OES) disapproved Claimant's application for unemployment com-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

pensation benefits based on its finding that Claimant left her employment without cause of a necessitous and compelling nature. The referee reversed the OES determination concluding that Claimant did show cause of a necessitous and compelling nature and so was eligible for benefits under Section 402(b). This decision was reversed by the Board, and Claimant now appeals the Board's denial of benefits to our Court.

On appeal, Claimant argues that the Board erroneously concluded that her termination was not with cause of a necessitous and compelling nature. We note that the issue of whether a claimant has left work for such cause is a question of law, subject to our review. *Judd v. Unemployment Compensation Board of Review,* 91 Pa. Commonwealth Ct. 372, 496 A.2d 1377 (1985). Our review of the Board's order, however, is limited to a determination of whether constitutional rights have been violated, an error of law committed, or whether necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.[2]

When a claimant voluntarily terminates employment to follow a spouse to a new location, the following spouse must show 1) an economic hardship in maintaining two residences *or* that the move has resulted in an insurmountable commuting problem; *and* 2) that the claimant's termination is the direct result of the other spouse's relocation. *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982). To prove the latter, a claimant must show that the transition was caused by circum-

---

[2] Contrary to the assertions in Claimant's brief, the "capricious disregard" standard of review no longer applies in administrative agency appeals. *See Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

stances beyond the control of the spouse and not brought about by a purely personal preference. *Id.*

We are satisfied that in the case *sub judice* the record supports the Board's sixth finding of fact that "[t]he claimant's spouse's decision to work in Wilkes-Barre was one of personal choice; he was not forced to relocate in Wilkes-Barre." According to the testimony of Claimant and her husband, he had looked for an attorney position in Pittsburgh starting in the fall of 1984 during his last year of law school. He had no job offers, however, and so continued as a part-time law clerk after his graduation in June, 1985. Even after receiving notification that he had passed his bar exam in October, 1985, Claimant's husband still could not obtain full-time employment as an attorney. His law clerk job ended in December, and he accepted the position in Wilkes-Barre which was "the first bona fide offer that came down the pike." Notes of Testimony (N.T.) at 6, Reproduced Record (R.R.) at 23a.

Claimant, however, failed to demonstrate what effort her husband made to obtain employment within a reasonable commuting distance from Pittsburgh, or whether he made any attempt to reapply for positions in the area after passing the bar.[3] Further, Claimant testified before the referee that she and her husband made a joint decision to relocate to Wilkes-Barre because they felt his career had more potential than her job with the court. *See* N.T. at 4, R.R. at 19a. This suggests a preference on the part of Claimant's husband and not a situation caused by circumstances beyond his control.

We, furthermore, are not convinced that an economic hardship would result if Claimant and her hus-

---

[3] At Claimant's hearing, her husband presented to the referee a file, which the referee guessed to be two inches thick, containing approximately 100 applications and rejection letters written between the fall of 1984 and December, 1985. N.T. at 7, R.R. at 25a.

band were to maintain two households. The husband's new salary was to be $24,000, and if Claimant had remained at her job, she would have continued her salary of $19,000. Claimant clearly could have afforded to stay in Pittsburgh.

Claimant relies on this Court's decision in *Zingler v. Unemployment Compensation Board of Review*, 85 Pa. Commonwealth Ct. 313, 481 A.2d 994 (1984), in which we held that a claimant was entitled to benefits upon leaving employment to follow a spouse from Pittsburgh to New Jersey. In *Zingler*, however, the claimant's spouse was unemployed for five months before accepting the job in New Jersey, and the new job paid almost twice as much as the claimant's. In the case at bar, Claimant's husband was unemployed approximately one month before accepting the position in Wilkes-Barre. Claimant left her job in Pittsburgh, which paid almost as much as her husband's, in January, even though he did not start the new job until February. This situation is distinguishable from that in *Zingler* and we will not follow it in reaching our result. *See Woods v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 221, 525 A.2d 1262 (1987) (benefits denied in case distinguishable from *Zingler*).

Finally, we note that there was no evidence presented from which the Board could determine whether or not Claimant's husband's move resulted in an insurmountable commuting problem. Inasmuch as we have concluded that her husband's relocation was not caused by circumstances beyond his control, we are constrained under *Wheeler* to affirm the Board's order, whether or not Claimant's husband's move resulted in an insurmountable commuting problem.

## ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned proceeding is affirmed.