551 A.2d 669

Gail C. Frei, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 1, 1988, before President Judge CRUMLISH, JR., Judge McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Sharon M. Dietrich, Community Legal Services, Inc.,* for petitioner.

*Gary L. Kelley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, December 22, 1988:

This is an appeal by Gail C. Frei (Claimant) from a decision of the Unemployment Compensation Board of Review (Board) which denied her benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (voluntarily leaving work without cause of a necessitous and compelling nature). We affirm.

Claimant was employed as a teacher for the Germantown Montessori School (Employer) in Philadelphia, Pennsylvania and her annual salary was $12,000. Claimant resigned from her teaching position in order to relocate to Newtown Square, Pennsylvania with her husband. Claimant's husband desired to operate an import-export business from his home because it was not financially feasible to rent a commercial property from which he could operate his business. After attempts to secure a zoning variance and a business license for this business failed, Claimant and her husband moved to Newtown Square. According to the local laws and regulations of Newtown Square, Claimant's husband could operate his business from his home.

At the hearing before the referee, Claimant testified that Philadelphia local laws and regulations prohibited her husband from operating his business from their home. In support of her testimony, Claimant submitted into evidence the decision of the Philadelphia Department of Licenses and Inspections whereby it refused to issue a business license to Claimant's husband, and a decision of the Zoning Board of Adjustment of Philadelphia whereby it refused to issue a variance to Claimant's husband for purposes of operating an import-export business from his home. Claimant further testified before the referee that the commute by public transportation from Newtown Square to the school would take 2 to 2½ hours, that she and her husband could not afford two cars, that their only car was needed by Claimant's husband in his business and that she and her husband were not financially able to maintain two households.

The referee concluded that Claimant failed to present cause of a necessitous and compelling nature for terminating her employment—the evidence merely indicated that Claimant's husband moved to Newtown Square because it was financially feasible but not necessarily imperative, and that the decision to move was by choice. The Board affirmed and this appeal followed.

Claimant presents two issues for our consideration: (1) whether the Board's finding that the relocation of Claimant's spouse was brought about by pure personal preference is supported by substantial evidence and (2) whether the requirement in a "following spouse" case such as this whereby a claimant must establish that she relocated for reasons beyond her *husband's* control violates the equal protection and due process clauses of the United States Constitution.

Our scope of review of the Board's decision where both parties have presented evidence before the referee is limited to determining whether there has been a con-

stitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Claimant has the burden of demonstrating necessitous and compelling reasons for her quit. *Woods v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 221, 525 A.2d 1262 (1987).

In the cornerstone case of *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982), this Court set forth the criteria which a claimant who voluntarily terminates employment to follow a spouse to a new location must show: (1) an economic hardship in maintaining two residences or that the move has resulted in an insurmountable commuting problem; and (2) the economic hardship or insurmountable commuting problem is the direct result of the spouse's relocation. In order to establish that the economic hardship or insurmountable commuting problem is the direct result of the spouse's relocation, it must be determined whether the transition was caused by circumstances beyond the spouse's control or brought about by purely personal preference. *Wheeler.*

We look to the following record evidence in order to determine whether substantial evidence exists to support the Board's findings. In a letter, written by Claimant to Employer, and admitted into evidence by Employer, Claimant wrote: "Sad to say, Hans [Claimant's husband] and I are moving out of this area. We're both country folks and city life is just making us miserable". Clearly, this demonstrates a personal preference for the "country life" of Newtown Square. Claimant also testified that her husband turned to self-employment be-

cause he was a Swedish native, did not have a college education, and suffered from a back injury which prevented him from doing physical labor. Because the cost to rent a commercial property ranged from $400.00 to $800.00 a month, Claimant testified her husband had to operate his business from their home. Thus, we are satisfied that the Board's findings are supported by substantial evidence. Claimant showed nothing more than a desire to live in the country, and that operation of the import-export business from their home would provide Claimant's husband with the best economic opportunity.[1] This is not a compelling reason under the Act.

Lastly, claimant contends that requiring her to establish she terminated her employment in order to follow her spouse and that their move to Newtown Square was for reasons beyond her *husband's* control violates the equal protection and due process clauses of the United States Constitution because in all other voluntary quit cases the claimant is only required to establish the termination was for the claimant's *own* necessitous and compelling reasons.

In *Wheeler*, this uniqueness of "following spouse" cases was recognized:

> The following spouse's voluntary quit, while necessitated by economic and/or commuting hardships, is the *direct result* of the other spouse's relocation . . . Even though it is the wife who is the claimant, this causal effect mandates that the circumstances of the husband's move be analyzed. Specifically, it must be determined

---

[1] Although we do not hold that Claimant had the burden to prove the unsuitability of *every* residential or job alternative for her husband, Claimant did have the burden of proving a compelling reason for the move. *See Rolland v. Unemployment Compensation Board of Review*, 98 Pa. Commonwealth Ct. 163, 510 A.2d 408 (1986).

whether the transition was caused by circumstances beyond the control of the husband or, rather, brought about by a purely personal preference. In the latter situation, benefits would be a mode of financing the domestic transition, affording the wife, and hence the family, compensation for any self-imposed economic hardships resulting therefrom. But if circumstances beyond the husband's control result in his relocation, the ensuing hardships would be temporarily compensated by the wife's showing of economic necessity or insurmountable commuting problems.

*Wheeler,* 69 Pa. Commonwealth Ct. at 205-206, 450 A.2d 778 (emphasis in original).

In Pennsylvania, the right to receive unemployment compensation benefits is a statutory right which has statutory limitations. *Bievenour v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 616, 401 A.2d 594 (1979). When eligibility for statutory entitlement is defined by state law, that eligibility is subject to Fourteenth Amendment protection which may not be limited in any way which results in invidious discrimination or a denial of due process. *Id.* However, because entitlement to unemployment compensation is not a fundamental right, and the classification here does not constitute a suspect classification, we must determine if this classification in "following spouse" cases bears some reasonable relationship to a legitimate government interest. *See Martin v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 629, 439 A.2d 207 (1982) *aff'd* 502 Pa. 282, 466 A.2d 107 (1983), *cert. den.* 466 U.S. 952 (1984).

The purpose of the Act is to provide benefits to "persons unemployed through no fault of their own".

Section 3 of the Act, 43 P.S. §752. As this Court recognized in *Wheeler,* it must be determined whether the move was beyond the spouse's control because otherwise benefits would be used as a means of financing the domestic transition and self-imposed economic hardships. Thus, the state has a legitimate interest in ensuring that benefits are paid only to those having a genuine attachment to the labor force, and that the limited public resources of the unemployment compensation fund be conserved with respect to the administration of the unemployment compensation program. *Martin. Also see Bievenour.* We believe that the limitation herein bears a rational relationship to these legitimate state interests.[2]

Therefore, we will affirm the Board.

#### ORDER

AND NOW, this 22nd day of December, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[2] The discrimination here is not among individuals within a class eligible for benefits but rather the discrimination occurs in classifying certain persons eligible for benefits and certain persons ineligible for benefits. *See Bievenour* at 618 n.2, 401 A.2d at 595 n.2.