510 A.2d 400

Dolores T. Taraschi, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 16, 1985, to President Judge CRUMLISH, JR., Judge ROGERS and Senior Judge KALISH, sitting as a panel of three.

*Allan B. Greenwood, Cremers, Morris, Greenwood & Tunnell,* for petitioner.

*John W. English, Jr.,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 6, 1986:

Dolores T. Taraschi appeals an Unemployment Compensation Board of Review order upholding a referee's decision denying her benefits due to a voluntary quit without necessitous and compelling cause. Section 402(b) of the Unemployment Compensation Law.[1] We affirm.

Taraschi, an accounting clerk, suffered a severe nervous disorder and received an approved leave of absence from her employer. Several weeks later, Taraschi met with members of management to discuss new work accommodations. The employer then by letter notified her that a failure to report to work the following Monday would be deemed a resignation.[2] Taraschi did not

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] The letter provided in pertinent part:

Again, in an effort to secure your return to work, the Company is willing to made [sic] some additional accommodations on your behalf:

return to work nor did she request a second leave of absence.

Where the claimant, who has the burden of proving necessitious and compelling cause for a voluntary quit, does not prevail below, our scope of review is limited to determining whether the Board's findings are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Zingler v. Unemployment Compensation Board of Review,* 85 Pa. Commonwealth Ct. 313, 481 A.2d 994 (1984).

---

1. LNP Corporation will remove the partition separating your desk from the former desk of Donna Walker. This should considerably reduce the claustrophobic effect which you say you are presently experiencing.

2. LNP Corporation will agree to purchase a larger desk unit air filtration system to be placed near the desks of those employees in your area that smoke cigarettes.

3. LNP will continue, as in the past, to assign non-accounting clerk functions that you presently do to other individuals, such as the receptionist, etc. This includes the stuffing of checks, etc. The freight bills will continue to be done by another individual other than yourself, even though this function has historically been done by accounts payable personnel. Another employee will continue to do the accounts payable filing in order to free you of this duty. Based on the past accommodations which LNP has done on your behalf concerning your present position, and the above-mentioned new accommodations, LNP's position is as follows:

We believe that all reasonable accommodations have been made and therefore we are specifically requesting your return to work. You are hereby notified that you are to report for work at your regular starting time on Monday, August 29, 1983. If you do not report to work on the above date, you leave LNP Corporation no alternative but to assume that you no longer care about your position with LNP Corporation, and that you have effectively resigned.

Reproduced Record, item 2.

Taraschi contends that the Board erred as a matter of law denying benefits because she did not agree to return to work at the meeting and was under no duty to return or request a second leave of absence. We disagree.

Although a claimant need only communicate his medical difficulties to his employer, he must stand ready to accept any reasonable accommodation offered by the employer. *Evasovich v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 395, 471 A.2d 921 (1984).

It is undisputed that Taraschi was suffering from a severe phobic condition and that she communicated this disorder to her employer. The burden then shifted to the employer to offer a suitable alternative. Our review of the record discloses that the employer made a good faith effort to ascertain the extent of Taraschi's medical disorder and expressed a willingness to accommodate her condition. Taraschi, however, refused to cooperate. Her failure to respond to the employer's offer of accommodation negated any medical justification for her quit. The mere fact that no agreement on specific accommodation was reached does not change this result. An employee may not reject a proposed accommodation out of hand; repudiation must be grounded upon particularized objections to the work environment.

The Board's order is affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, No. B-229679 dated April 30, 1984, is affirmed.