IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Giann Rodriguez,                          :
                    Petitioner            :
                                          :
            v.                            :    No. 84 C.D. 2025
                                          :    Submitted: April 13, 2026
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED:  June 29, 2026


        Giann Rodriguez (Claimant), pro se, seeks review of a January 22, 2025 Order

of the Unemployment Compensation Board of Review (Board), which affirmed a

Referee's Decision finding Claimant was ineligible for benefits pursuant to Section

402(b) of the Unemployment Compensation Law (UC Law), 43 P.S. § 802(b),[1]

because he did not meet his burden of establishing a necessitous and compelling

reason for voluntarily leaving his employment.[2]  Claimant argues Lowes Home

Centers, LLC (Employer) could not accommodate his work restrictions after an

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

[2] While the Board affirmed the Referee's Decision to the extent it related to Section 402(b), the Board reversed the Referee's Decision that Claimant was not able and available for work and, therefore, was also ineligible under Section 401(d)(1), 43 P.S. § 801(d)(1).  That issue is not before the Court.

injury at work. Unfortunately, Claimant did not attend the hearing before the Referee, did not seek a remand or explain his nonattendance, and therefore has not presented his version of what happened **on the record**. Without Claimant's testimony, not surprisingly, the Board, as factfinder, credited Employer's testimony that alternative work within Claimant's restrictions was offered but Claimant did not return to work. The Court is not permitted to consider explanations that are not in the record. Therefore, we have no choice and must affirm the Board's Order.

The record contains the following facts. In June 2024, Claimant filed for unemployment compensation (UC) benefits, listing his last day of work as March 4, 2024. (Certified Record (C.R.) at 4, 8.) In his claim, Claimant stated he injured his back at work and was unable to return and Employer could not accommodate his restrictions. (*Id.* at 8-9.) A UC Service Center originally found Claimant eligible for benefits. (*Id.* at 90.) Employer, however, appealed that determination, and a hearing was scheduled. (*Id.* at 108, 132.)

Claimant did not appear at the October 31, 2024 hearing. The Referee indicated the hearing notice had not been returned and Claimant did not request a continuance or otherwise contact the Referee's office. (*Id.* at 156.) An operations manager and a department supervisor of receiving and deliveries both appeared on Employer's behalf. (*Id.*) The operations manager explained that after Claimant was injured and put on light duty, Claimant asked about a greeter position, which the operations manager explained Employer did not have. (*Id.* at 162.) The operations manager testified he offered Claimant a position at the garden center cash register, where Claimant could remain seated and would not have to lift. (*Id.* at 162, 164) The operations manager also messaged Claimant to advise he was on the schedule to which Claimant advised he did not "know if [he] c[ould] make it." (*Id.* at 162;

2

*see also id.* at 165.) The operations manager testified Employer continued scheduling Claimant who would call off or not show. (*Id.* at 161-62.) The operations manager explained Claimant was eventually removed from the schedule for "abandonment" of his position. (*Id.* at 165.) According to the operations manager, Claimant never attempted any of the other work within his restrictions that Employer offered. (*Id.* at 166.)

Following the hearing, the Referee issued a Decision finding Claimant did not have a necessitous and compelling reason for leaving his employment and did not make reasonable efforts to preserve his employment. (*Id.* at 171-72.) Claimant appealed to the Board. (*Id.* at 183-85.)

The Board affirmed the Referee's Decision that Claimant was ineligible under Section 402(b) of the UC Law. The Board made the following relevant factual findings:

2. On March 4, 2024, [] [C]laimant hurt himself at work and informed the operations manager of this.

3. [] [C]laimant filed a worker's compensation claim, and the operations manager informed [] [C]laimant about contacting [] [E]mployer's third-party administrator, Sedgewick, to request Family and Medical Leave [].

4. [] [C]laimant subsequently informed the operations manager that he had restrictions from a doctor of no lifting greater than 20 pounds, no standing for long periods of time, and periodic breaks.

5. [] [C]laimant called out sick on March 8, 9, 10, 15, and 17, 2024. He was a no call/no show on March 16, 2024.

6. On March 20, 2024, [] [C]laimant informed the operations manager that his doctor said [] [C]laimant could only work as a greeter; however, [] [E]mployer had no greeter positions.

3

7.  The operations manager then offered [] [C]laimant a position at the garden register where he could sit on a stool all day.  There was no lifting in this position because [] [E]mployer had other employees called loaders who could lift and load things for customers.

8.  On March 22, 2024, the operations manager told [] [C]laimant to check his schedule because [] [C]laimant was on the schedule to work at garden register 2.  [] [C]laimant said he would get back to the operations manager and that [] [C]laimant had physical therapy on March 23 and March 26, 2024.

9.  On March 23, 2024, [] [C]laimant called off work.

10.  On March 24, 2024, [] [C]laimant was a no call/no show for work.

11.  On March 25, 2024, [] [C]laimant called in and asked for a vacation day.

12.  On March 26, 2024, the operations manager informed [] [Claimant about a pay raise.  [] [C]laimant responded asking if there was any work he could do.[3]

13.  On March 30 and April 1, 2024, [] [C]laimant was a no call/no show for work, although [] [E]mployer scheduled [] [C]laimant for shifts at the garden register which was work within [] [C]laimant's restrictions.

14.  [] [C]laimant abandoned his job and never reported back to work or otherwise contacted [] [E]mployer after the March 26, 2024 conversation.[4]

(Board's Findings of Fact (FOF) ¶¶ 2-14.)

The Board credited the operation manager's testimony that Employer offered

Claimant a position within his medical restrictions, but Claimant never attempted to

---

[3] In its brief, the Board indicates it made an error in the date.  (Board's Brief at 4 n.2.)  The transcript reveals the operations manager texted Claimant on March 20, not March 26, about the pay raise, to which Claimant responded asking about work.  (C.R. at 165.)  As detailed in Findings of Fact 8 through 11, Employer subsequently offered Claimant work within his restrictions, and Claimant never reported to work.

[4] The Board also indicates that this date is an error for the same reasons as the date in Finding of Fact 12.  *See* note 3, *supra*.

4

work that position. (Board's Opinion (Op.) at 2.) Thus, the Board concluded Claimant quit his employment through job abandonment and because he did not appear at the hearing, Claimant did not meet his burden of providing a necessitous and compelling reason for doing so. (*Id.*) The Board also noted that Claimant would be ineligible for benefits if the claim was analyzed under Section 402(e) of the UC Law, related to termination for willful misconduct, because "[C]laimant stopped contacting [] [E]mployer and stopped reporting to work . . . ." (*Id.*) The Board further stated that while "[C]laimant offer[ed] his version of events" on appeal, "[C]laimant did not appear at the hearing to testify under oath[] and did not seek a remand or explain his nonappearance . . . ." (*Id.* at 3.) Therefore, the Board explained it could not consider his version of events on appeal. (*Id.*)

Claimant filed a timely petition for review with this Court.[5] Claimant argues he was injured at work and his doctor imposed work restrictions. (Claimant's Brief (Br.) at 9 (unnumbered).) Claimant further argues Employer was informed of these restrictions but could not accommodate them. (*Id.*) Thus, he asserts he is entitled to UC benefits. Claimant also acknowledges he did not attend the hearing but asks that the Court nevertheless consider "his version of what happened." (*Id.* at 10 (unnumbered).) Claimant does not proffer any explanation as to why he did not attend the hearing.

---

[5] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). In addition, "[i]n determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence." *Id.*

The Board responds that while Claimant had a work-related injury, Employer presented credible evidence that it offered Claimant work within his restrictions, which Claimant did not return to try. (Board's Br. at 6, 8-9.) To the extent Claimant offers a differing version of events on appeal, the Board asserts we cannot consider that version since Claimant did not appear at the hearing. (*Id.* at 7.) It further asserts Claimant has not offered any reason for his nonappearance, let alone good cause, which is required for a remand. (*Id.* at 9.) The Board likens this matter to *Taraschi v. Unemployment Compensation Board of Review*, 510 A.2d 400 (Pa. Cmwlth. 1986), where the Court held the claimant's refusal to accept her employer's accommodation for a medical condition disqualified her from benefits. (*Id.* at 10.) It asks the Court to affirm the Order. (*Id.* at 11.)

Under Section 402(b) of the UC Law, "[w]here a claimant has voluntarily quit employment, in order to obtain benefits, [the claimant] must show that [the claimant] left [his] employment for necessitous and compelling reasons." *Collier Stone Co. v. Unemployment Comp. Bd. of Rev.*, 876 A.2d 481, 484 (Pa. Cmwlth. 2005). Health or medical issues may constitute a necessitous and compelling reason to quit if a claimant: "(1) offer[s] competent testimony that adequate health reasons existed to justify the voluntary termination, (2) ha[s] informed the employer of the health problems[,] and (3) [is] available to work if reasonable accommodations can be made." *Lee Hosp. v. Unemployment Comp. Bd. of Rev.*, 637 A.2d 695, 698 (Pa. Cmwlth. 1994). "Failure to meet any one of these conditions bars a claim for [UC benefits]." *Id.*

Similar to *Wise v. Unemployment Compensation Board of Review*, 111 A.3d 1256 (Pa. Cmwlth. 2015), Claimant did not satisfy the third prong of the *Lee Hospital* test. In *Wise*, the claimant asserted her employer did not offer her a

6

reasonable accommodation, while her employer offered evidence that it offered a desk position that would have met the work restrictions that the claimant's doctor had imposed. 111 A.3d at 1264. Because the employer's evidence was credited, we held the claimant could not meet her burden of showing she resigned due to compelling health reasons. *Id. See also Taraschi*, 510 A.2d at 402 (holding a claimant's refusal to respond to an employer's reasonable accommodation negates any medical justification to voluntarily quit). Here, the Board expressly credited the operations manager's testimony that Employer offered Claimant a register position that was within his work restrictions. (Board Op. at 2; *see also* FOF ¶¶ 4, 7.) The Board further found that Claimant never returned to work after the accommodation was made. (FOF ¶ 14.) Claimant asserts no reasonable accommodations were offered by Employer. However, Claimant did not appear at the hearing and, therefore, neither the Board nor this Court can consider this new evidence. *Logan v. Unemployment Comp. Bd. of Rev.*, 334 A.3d 91, 96 (Pa. Cmwlth. 2025).

While there are procedures for reopening the record, Claimant has not followed those procedures. The Board's regulations provide, in pertinent part:

> (a) If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened. Requests for reopening, whether made to the referee or Board, shall be in writing; shall give the reasons believed to constitute "proper cause" for not appearing; and they shall be delivered or mailed--preferably to the tribunal at the address shown on the notice of hearing or to the . . . Board . . . , or to the local employment office where the appeal was filed.
>
> . . . .
>
> (c) A request for reopening the hearing which is not received before the decision was issued, but is received or postmarked on or before the 21st

7

day after the decision of the referee was issued to the parties, shall constitute a request for further appeal to the Board and a reopening of the hearing, and the Board will rule upon the request. If the request for reopening is allowed, the case will be remanded and a new hearing scheduled, with written notice thereof to each of the parties. At a reopened hearing, the opposing party shall be given the opportunity to object to the reopening if he so desires. If the request to have the hearing reopened is denied, the Board will append to the record the request, supporting material and the ruling on the request, so that it shall be subject to review in connection with any further appeal to the Commonwealth Court.

(d) If a request for reopening is not received before the decision was issued but is received or postmarked within 15 days after the decision of the Board was issued to the parties, it will be accepted as a request for reconsideration and a reopening of the hearing and the Board will rule upon the request. If the request for reopening is allowed, the Board will vacate its decision and remand the case for further hearing, with written notice thereof to each of the parties. At a reopened hearing, the opposing party shall be given the opportunity to object to the reopening if he so desires. If the request to have the hearing reopened is denied, the Board will append to the record the request, supporting material, and the ruling on the request, so that it shall be subject to review in connection with any further appeal to the Commonwealth Court.

34 Pa. Code § 101.24(a), (c)-(d).

The Supreme Court has held that reopening of the hearing is permissible only if the moving party sets forth proper cause for missing the original one. *McNeill v. Unemployment Comp. Bd. of Rev.*, 511 A.2d 167, 169 (Pa. 1986). An example of proper cause for not attending a hearing is not receiving the hearing notice. *Pinnacle Health Hosps. v. Unemployment Comp. Bd. of Rev.*, 210 A.3d 1127, 1130 (Pa. Cmwlth. 2019). We have also found proper cause when a claimant misses a hearing because, on the way to the hearing, another passenger of public transportation suffered a medical emergency, which caused a delay waiting for emergency services. *Effluent Retrieval Servs., Inc. v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth.,

8

No. 95 C.D. 2017, filed Jan. 5, 2018), slip op at 8-9.  A party's negligence, though, is not proper cause for not appearing. *Eat'N Park Hosp. Grp., Inc. v. Unemployment Comp. Bd. of Rev.*, 970 A.2d 492, 494 (Pa. Cmwlth. 2008).

Here, Claimant does not offer any reason as to why he did not appear at the hearing.  Thus, he has not set forth proper cause for not attending.  Accordingly, he is not entitled to have the record reopened to present evidence he could have presented had he attended the scheduled hearing.

In sum, because Claimant has not presented evidence that his work injury constituted a compelling and necessitous reason to voluntarily quit his employment, particularly in light of Employer's credited evidence that it offered Claimant a position within his work restrictions, we must affirm the Board's Order.

_____
RENÉE COHN JUBELIRER, President Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Giann Rodriguez,                :
          Petitioner    :
                        :
        v.           :   No. 84 C.D. 2025
                        :
Unemployment Compensation   :
Board of Review,            :
          Respondent   :

## **O R D E R**

**NOW**, June 29, 2026, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge